BRADSHAW (GRIFFITH v.).    See Case No. 5,821.

BRADSHAW (HOLMES v.).    See Case No. 6,635.

---

## Case No. 1,790.

### BRADSHAW v. KLEIN.

[2 Biss. 20;[1] 1 N. B. R. 542 (Quarto, 146; 7 Am. Law Reg. (N. S.) 505; 1 Am. Law T. Rep. Bankr. 72; 15 Pittsb. Leg. J. 433.]

District Court, D. Indiana. May Term, 1868.

BANKRUPTCY—FRAUDULENT CONVEYANCE BY BANKRUPT.

1. An assignee in bankruptcy can maintain an action to recover property conveyed by the bankrupt with intent to defraud his creditors previous to the filing of the petition; in such case he represents the rights of the creditors.

[Cited in Re Wynne, Case No. 18,117; Bean v. Brookmire, Id. 1,170; Cady v. Whaling, Id. 2,285; Re Estes, 3 Fed. 142; Jones v. Smith, 38 Fed. 381; Pearsall v. Smith, 149 U. S. 231, 13 Sup. Ct. 835.]

2. Such action is not limited by the provisions of the 35th section, but only by the general statute of limitations.

[Cited in Hall v. Wager, Case No. 5,951.]

In bankruptcy. This was a bill in chancery filed by William A. Bradshaw, assignee of Armstead M. Klein, a bankrupt, against Henry Klein and others. The bill charges that the bankrupt, before the passage of the bankrupt act, transferred certain property to one John A. Klein, without consideration, for the purpose of defrauding the bankrupt's creditors; that said John A. Klein, without consideration, transferred the same to the defendants, who now claim title thereto; and that the bankrupt has ever retained and now retains possession of said property. And it prays that the property be made assets in the assignee's hands for the benefit of the bankrupt's creditors. Defendants filed a general demurrer. [Overruled.]

Mr. Ritter, for complainant.
Mr. March, for defendants.

McDONALD, District Judge. The only question made in support of the demurrer is this: Can the assignee of a bankrupt maintain an action to recover property conveyed by the bankrupt with intent to defraud his creditors? In support of the demurrer, it is argued that the assignee takes such right of action only as the debtor had before he was adjudged a bankrupt; and that as he could not have sued before the adjudication

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

to recover property conveyed by him in fraud of his creditors, so his assignee cannot, afterwards, maintain such action.

There can be no doubt that a transfer of property made with intent to defraud creditors, is valid as between the parties to it, and that the seller, having delivered over the possession of the property, cannot recover its possession. To such a case the maxim applies, that in pari delicto potior est conditio possidentis. And it is true that the 14th section of the bankrupt act [of 1867; 14 Stat. 522] transfers to the assignee all the rights of property and of action previously held by the bankrupt. But does the assignee represent the rights of the bankrupt and his rights only? Does he not also represent the rights of the creditors.

It is very clear that, but for the adjudication of bankruptcy, the creditors might subject to the payment of their debts property conveyed by their debtor in fraud of their rights. But now, since he is adjudged a bankrupt, this right is taken away from them. The law will not allow them to sue at all for their debts. And if the assignee cannot maintain an action to have the fraudulent conveyance set aside, and the property subjected to the payment of debts due to creditors, there can be no remedy whatever in such a case. To so decide would altogether defeat the operation of the statutes against fraudulent conveyances in all cases of bankrupt debtors. For if the ground assumed in support of the demurrer be tenable, then a failing debtor may to-day transfer all his property with intent to defraud his creditors, and six months hence be adjudged a bankrupt, without any power in any person to reduce the property thus fraudulently conveyed, to assets for the payment of his debts. Courts ought to be very reluctant to indulge a doctrine fraught with such consequences. Under the bankrupt act of 1841, the supreme court of Mississippi has, indeed, held this doctrine. But I have no hesitation in pronouncing that decision erroneous. A very high authority, Judge Curtis, under the act of 1841, decided differently. He held that "there is a broad distinction between a bill by the bankrupt, the author of the fraud, and one by the assignee, who seeks to recover the property for the benefit of the very interest sought to be defrauded. The ground of refusing relief to the author of the fraud is a principle of public policy, which forbids the court to be auxiliary to a plan for evading the law, and depriving the creditors of their just and legal rights. But where the assignee sues, the case is reversed—to grant the relief is to act in accordance with these rights of creditors and in opposition to the contemplated fraud; while to refuse it would be to aid in its perpetration." Carr v. Hilton [Case No. 2,436].

If, as Judge Curtis held, under the act of 1841, the assignee might maintain an action to set aside a fraudulent conveyance made

before that act was passed, the reason for allowing such an action, under the bankrupt act of 1867, is much stronger. The act of 1841 merely provided, as the present act provides, that the bankrupt's title to all his property should vest in his assignee, with the right to sue for the same. 5 Stat. 442, 443. But the bankrupt act of 1867 goes a step further, and in the 14th section declares that "all the property conveyed by the bankrupt in fraud of his creditors * * * shall, in virtue of the adjudication of bankruptcy and the appointment of his assignee, be at once vested in such assignee." Counsel for the defendant insist, however, that the 35th section of the act modifies the language of the 14th section above cited, and limits the right of action to set aside fraudulent conveyances to four or, at most, six months. But I cannot assent to this construction. I think the provision above cited from the 14th section relates to the state statutes against fraudulent conveyances, and to these only; and that the 35th section of the bankrupt act has no reference to those statutes, but is only intended to reach frauds on the bankrupt act. The two sections relate to different subjects; neither of them, therefore, can be construed as explaining, modifying, or limiting the operation of the other.

On the whole I conclude that an assignee in bankruptcy may maintain an action to set aside fraudulent conveyances made by the debtor before he is adjudged a bankrupt, and even before the bankrupt act was passed, provided the person to whom the transfer was made was a party to the fraudulent intent, or received the transfer without valuable consideration, and provided the action is not barred by the statute of limitations. The demurrer is overruled.

NOTE [from original report]. Consult Goodwin v. Sharkey [5 Abb. Pr. (N. S.) 64]; In re Gregg [Case No. 5,797]; Allen v. Massey [Id. 231]; Davis v. Anderson [Id. 3,623]; In re Metzger [Id. 9,510]; Foster v. Hackley [Id. 4,971].