## PEARSALL *v.* SMITH.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 198. Argued and submitted April 18, 1893. — Decided May 1, 1893.

An assignee in bankruptcy brought a suit in equity, in September, 1886, to set aside transfers of property made by the bankrupt in 1874, in fraud of creditors, and recorded prior to June, 1875. He had been declared a bankrupt in August, 1878, and the assignment in bankruptcy had been made in February, 1879. The answers set up the statute of limitations of the State of six years, and the bankruptcy statute limitation of two years. Judgment creditors of the bankrupt, included in his schedules in bankruptcy, brought a suit in the Supreme Court of the State in July, 1875, against the present defendants to set aside as fraudulent the conveyances in question, and duly filed a *lis pendens,* in which suit the same charges were made as in the present suit. The bill alleged that a decree was made in that suit, in favor of the plaintiffs, in November, 1885, and that it was not until the assignee in bankruptcy was informed of that decree, in July, 1886, that he received knowledge or information of the transfers of the property, or of any facts or circumstances relating thereto, or tending to show, or to lead to inquiry to, any fraudulent transfer. The bill did not set forth what were the impediments to an earlier prosecution of the claim, how the plaintiff came to be so long ignorant of his rights, the means, if any, used by the defendants fraudulently to keep him in ignorance, or how and when he first obtained knowledge of the matters alleged in the bill: *Held,* that the case was a clear one in favor of the bar of limitation, both by the state statute and by the bankruptcy statute.

THE case is stated in the opinion. After hearing counsel for appellant the court declined to hear further argument.

*Mr. Benjamin G. Hitchings*, (with whom was *Mr. B. F. Tracy* on the brief,) for appellant.

*Mr. Matthew Daly*, (with whom was *Mr. Frederic R. Coudert* on the brief,) and *Mr. Paul Fuller* for Slauson and Moses, appellees.

*Mr. James R. Angel* for Smith and Willetts, appellees; and *Mr. James R. Angel* and *Mr. Elmer A. Allen* for Jones, appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a bill in equity, filed in the Circuit Court of the United States for the Eastern District of New York, by Charles Jones, as assignee in bankruptcy of David M. Smith, against David M. Smith, Ella F. Willetts, Richard S. Jones, and Albert Slauson, and is a creditors' bill to set aside several distinct transfers of property to several of the defendants, alleged to have been made by Smith in the year 1874, in fraud of the rights of creditors. The bill was filed September 11, 1886. The answers set up the statute of limitations of the State of New York of six years, and the bankruptcy statute limitation of two years. Albert Slauson, Austin M. Slauson, and Robert H. Moses, composing the firm of A. Slauson & Co., were added as defendants to the bill. They demurred to it, and the demurrer was overruled. The opinion of the court overruling the demurrer is reported in 33 Fed. Rep. 632.

Replications to the answers were filed, proofs were taken, and the court, held by Judge Lacombe, dismissed the bill. His opinion is reported in 38 Fed. Rep. 380. The assignee, Charles Jones, appealed to this court. Thomas E. Pearsall has been appointed his successor, and has taken his place as appellant in this suit. Pending the appeal, Richard S. Jones, one of the appellees, has died, and Frances A. Jones, as his sole executrix, has been admitted as appellee in his place.

The conveyances sought to be set aside are those of three separate parcels of real estate to the several defendants.

David M. Smith was adjudged a bankrupt in 1878, and was discharged from his debts in June, 1879. The conveyances complained of were all made and recorded prior to June 1, 1875. Smith's petition in voluntary bankruptcy was filed August 31, 1878. The assignment in bankruptcy to Charles Jones was made February 10, 1879.

The opinion of the Circuit Court dismissing the bill considered, first, the New York state statute of limitations, § 382 of the Code of Civil Procedure, subdivision 5, which provides that there must be commenced within six years after the cause of action has accrued "an action to procure a judgment other than for a sum of money, on the ground of fraud, in a case which, on the thirty-first day of December, 1846, was cognizable by the court of chancery," and that "the cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud." The Circuit Court held that this suit was one of the class provided for by the terms of § 382, subdivision 5, and that, if the plaintiff would be barred of his relief in the state court by lapse of time, he would be barred in the federal court also, citing *Burke* v. *Smith*, 16 Wall. 390, 401; *Clarke* v. *Boorman's Executors*, 18 Wall. 493, 509; *Wood* v. *Carpenter*, 101 U. S. 135, 138; *Kirby* v. *Railroad Co.*, 120 U. S. 130, 138. The Circuit Court further said, that the assignee in bankruptcy takes from the bankrupt all the rights of property and of action previously held by him, but that the right to maintain an action such as the present one does not come to the assignee from that source; that a transfer made to defraud creditors is valid between the parties to it; that the debtor has no right of action to set it aside; and that, therefore, no such right passes to the assignee as part of the debtor's estate.

Section 5046 of the Revised Statutes of the United States, which is an embodiment of § 14 of the act of March 2, 1867, ch. 176, (14 Stat. 522,) provides as follows: "All property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patent rights, and copyrights; all debts due him, or any person for his use, and all liens and

securities therefor; and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person arising from contract, or from the unlawful taking or detention, or injury to the property of the bankrupt; and all his rights of redeeming such property or estate; together with the like right, title, power, and authority to sell, manage, dispose of, sue for, and recover or defend the same, as the bankrupt might have had if no assignment had been made, shall, in virtue of the adjudication of bankruptcy and the appointment of his assignee, but subject to the exceptions stated in the preceding section," which are exemptions, " be at once vested in such assignee."

Section 5057 of the Revised Statutes, which is an embodiment of § 2 of the act of March 2, 1867, ch. 176, (14 Stat. 518,) provides as follows: " No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. And this provision shall not in any case revive a right of action barred at the time when an assignee is appointed."

The Circuit Court remarked, that by operation only of the express terms of § 5046, the right of action which, before the adjudication in bankruptcy, belonged to the creditors, was taken from them and given to the assignee; and that, when the assignee asserted such right, he claimed under the creditors and not under the bankrupt, citing *Brownell* v. *Curtis*, 10 Paige, 210; *Jones* v. *Yates*, 9 B. & C. 532; *Van Heusen* v. *Radcliff*, 17 N. Y. 580; *Bradshaw* v. *Klein*, 2 Bissell, 20; *Kane* v. *Rice*, 10 Nat. Bank. Reg. 469; *In re Leland*, 10 Blatchford, 503, 507; *Trimble* v. *Woodhead*, 102 U. S. 647; *Dudley* v. *Easton*, 104 U. S. 99.

The Circuit Court further said that, in determining as to the effect of lapse of time upon the right of action in this case, it became necessary, first, to inquire whether there was a discovery of the fraud by those under whom the plaintiff claims; that actual personal knowledge of the facts constituting the

fraud need not be shown, to charge a person who had been quiescent for a period longer than that fixed by statute, with discovery thereof; that it was enough if he was put upon inquiry, with the means of knowledge accessible to him, citing *Burke* v. *Smith*, 16 Wall. 390, 401, and *Wood* v. *Carpenter*, 101 U. S. 135, 138; that, in the present case, Joseph Kittel and Joseph J. Kittel were judgment creditors of the bankrupt, and as such included in his schedules in bankruptcy; that, appearing by the attorney who brought the present suit and represents the other creditors, the Kittels, on July 7, 1875, brought a suit in the Supreme Court of the State of New York against those who are defendants in the present suit, to set aside as fraudulent the very conveyances attacked in this suit, and duly filed a *lis pendens;* that, in their complaint in that suit, the Kittels averred not only that those conveyances were made by an insolvent, but also that the grantees had full knowledge of the insolvency and participated in the fraud, and that the conveyances were without adequate consideration; that as to one parcel, the Kittels expressly alleged that the nominal consideration for the conveyance was $1000, "a grossly inadequate consideration;" as to another parcel, that though there was a pretended consideration of $18,000 in the deed, there was "really no consideration whatever;" and as to the third parcel, that though the alleged consideration expressed in the conveyance was $4300, the transfer was made "in reality, if for any consideration whatever, for a debt of $500;" that it was by endeavoring to prove that the facts as to those conveyances are substantially as they were set forth in the Kittels' suit, that the plaintiff in this suit sought to make out his case; that it, therefore, appeared that, upwards of eleven years before the plaintiff brought this suit, all the facts constituting the fraud had been discovered by one of the creditors under whom he claims; that the six-years' statute of limitations began to run at least from the commencement of the Kittels' suit; and that the bar became complete long before the beginning of the present suit.

The plaintiff alleges in his bill that a decree was made in the Kittels' suit on November 30, 1885, in favor of the plain-

tiffs therein; and that it was not until he was informed of that decree, which was in July, 1886, that he received any knowledge or information of the conveyances and transfers of Smith's property, or of any facts or circumstances relating thereto or tending to show, or to lead to inquiry as to, any fraudulent conveyance, transfer, or disposition of property by Smith.

But this is not sufficient to avoid the allegation of laches in bringing the present suit, or to bar the application of § 5057 of the Revised Statutes in regard to the two years' limitation. *Bailey* v. *Glover*, 21 Wall. 342; *Wood* v. *Carpenter*, 101 U. S. 135; *Kirby* v. *Lake Shore Railroad*, 120 U. S. 130; *Norris* v. *Haggin*, 136 U. S. 386.

Although this court has attached to § 5057 of the Revised Statutes a qualification, that qualification is that where relief is sought on the ground of fraud, it is necessary, in order to postpone the right of action on the part of the assignee in bankruptcy until the discovery of the fraud, that ignorance of it should have been produced by affirmative acts of the guilty party, in concealing the facts, and that there should have been no fault or want of diligence or care on the part of the person who claims the right of action; in other words, that when there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to, the party suing, or those in privity with him, or ought to have been so discovered or known.

In the present case, the deeds of conveyance by Smith were recorded. The suit by the Kittels was a public suit. Notice of *lis pendens* was filed in it, giving the name and the address of the attorney for the plaintiffs, and they were creditors through whom the present plaintiff claims, their names being included as creditors in the bankruptcy schedules. Charles Jones, the assignee in bankruptcy, was a lawyer of long standing, familiar with such matters. The bill does not set forth what were the impediments to an earlier prosecution of

the claim, how the plaintiff came to be so long ignorant of his rights, the means, if any, used by the defendants fraudulently to keep him in ignorance, or how and when he first obtained knowledge of the matters alleged in his bill. *Badger* v. *Badger*, 2 Wall. 87, 95; *Richards* v. *Mackall*, 124 U. S. 183, 189; *Greene* v. *Taylor*, 132 U. S. 415, 443.

We think the present is a clear case in favor of the bar of limitation, both by the statute of New York and by the bankruptcy statute.

*Decree affirmed.*