### SCOTT v. LITTLE et al.

#### (District Court, S. D. New York. October 31, 1896.)

BANKRUPTCY—AVOIDING BANKRUPT'S DEED—TWO YEARS' LIMITATION—RENUNCIATION OF TITLE—SECTION 5057.

> The bankrupt, in 1875, several years before his bankruptcy, made and recorded a deed to his son-in-law to whom he was indebted, and informed him of the fact; to which no dissent was then expressed. The grantee did not receive or see the deed until several years afterwards, some two or three months before the bankruptcy in 1878, when finding an objectionable assumption clause, he sought to have it remedied, which was not done. Within a year or two after the bankruptcy, the assignee was informed of all the facts, and died some years after without taking any action in regard to the deed under which the defendant then claimed title. Long afterwards a new assignee was appointed, who in 1896 brought this suit in equity to have the deed declared void as a cloud on the assignee's title after the grantee and his assigns had been many years in possession: *Held*, that there was no sufficient evidence of any renunciation of title by the grantee before the bankruptcy, and that this action was barred by the two-years limitation of section 5057, Rev. St.

This was a suit by William F. Scott, as assignee in bankruptcy of James Boyle, against Andrew Little, Eleventh Ward Bank, Henry Steers, and others. The cause was heard on a motion for an injunction.

William Ford Upson and Wager Swayne, for complainant.
Abner C. Thomas, for defendant Little.

BROWN, District Judge. A motion is made in the above cause for an injunction against the defendants as grantees and mortgagees of two lots of land on Mangin street, which were conveyed on November 1, 1873, by deed from the bankrupt James Boyle and his wife to the defendant Little and recorded on the same day in the register's office. Boyle was adjudicated a bankrupt on April 29, 1878. On the 13th of July, 1878, an assignment was made of all his property to John Nikla, as assignee in bankruptcy. The assignee died in 188–, and recently the complainant Scott was appointed as new assignee, and the present action was commenced to set aside the deed of 1873 as a nullity and cloud on the title to the two lots, on the contention that the conveyance was made to Little without his knowledge; that he never accepted the deed prior to the bankruptcy, but refused to accept it; that the title never vested in him; and that the other defendants are not bona fide purchasers or mortgagees.

For the defense it is contended that aside from all other questions the action is barred by section 5057 of the Revised Statutes limiting such claims to two years after knowledge of the facts by the assignee in bankruptcy. In reply it is urged that the deed was refused and rejected by the defendant Little until after the bankruptcy; and that consequently the present claim of Little and his privies is not a claim or assertion of any right existing at the time of the bankruptcy, but is an adverse claim set up for the first time after the title to the lots had, by reason of Little's rejection of the deed, vested in the assignee, i. e., a kind of claim to which, it is contended, Sec. 5057 does not apply.

It is certain that very shortly after the bankruptcy, the defendant Little did claim title under the deed of 1873; and that in the examination of the bankrupt and of Mr. Little in 1879, all the important facts on which the complainant now relies were brought out, and must have been known to Mr. Nikla, the assignee, at that time, as well as to the principal creditors. No steps were taken for more than two years after the knowledge of these facts to dispute the title claimed by Mr. Little under the deed of 1873. I do not consider it at all free from doubt whether the decisions of the Supreme Court would not require such a claim to be contested within two years after knowledge of the facts, though the assertion of the claim were first made after the bankruptcy, in whatever form the contest might be made, whether in the form of declaring the deed void for fraud, or void for want of delivery and acceptance, and hence a cloud on the title as here contended. Jenkins v. Bank, 106 U. S. 571, 2 Sup. Ct. 1; Avery v. Cleary, 132 U. S. 604, 10 Sup. Ct. 220.

There is no question, however, that though the deed may not have been known to Little at the time it was executed and recorded in 1873, yet if he assented to the transfer of title and asserted any claim to it before the bankruptcy in April, 1878, the assignee was bound to commence suit contesting the claim within two years after knowledge of the facts or be barred by section 5057. The records of the proceedings in bankruptcy and the record of the subsequent suit brought in the State Supreme Court, upon which the complainant in this case relies, seem to me to show plainly that the defendant Little did claim title to the lots under the deed in question before the bankruptcy, although he objected to one clause in the deed which made him assume the payment of the existing mortgages on the premises. The papers submitted as a part of the complainant's case show that Boyle was the father-in-law of the defendant Little, and was indebted to him for money loaned at various times. Before the deed was executed Boyle told the defendant Little that he proposed to transfer the property to him, and the defendant saw a notice of the record of the deed. No objection was at that time made to the transfer. Additional moneys were afterwards loaned by the defendant Little to Boyle before his bankruptcy, reaching in all, it would seem, nearly or quite the value of the lots over the existing mortgages. Under such circumstances, Little's assent to the transfer of title would ordinarily be presumed, and

his additional loans would be presumed to have been made on the faith of the title.

In January or February, 1878, some two months at least prior to the bankruptcy, the deed was sent to the defendant Little, who, shortly after observing the clause requiring him to pay the mortgagees, objected to this clause, and took the deed to the lawyer who drew it, stating his objection, and leaving the deed with him for the purpose of having that clause corrected. No change in it, however, was made; and afterwards, when the defendant called upon the lawyer for the deed, the latter refused to deliver it until some charges of his own were paid, which the defendant declined to pay. The lawyer afterwards died, and then the deed could not be found.

I do not find in these facts any such renunciation of title to the premises by Little as the complainant alleges. A refusal to accept a title altogether, because it is incumbered by an assumption of mortgages inserted in the deed, is a very different thing from a mere objection to such a clause contained in the deed, and the consequent leaving of the deed with the lawyer who drew it, with the intent to get that clause erased. I find no evidence that he ever rejected the title, as a security to him, which I have no doubt was intended, or that he ever rejected the deed as a whole or refused to accept title under it.

The findings of the Court in the suit in the State Court, to which reference is made, do not sustain the complainant's contention; although the form of judgment entered goes much beyond those findings, and as it seems to me, contradicts the facts, and embodies irreconcilable conclusions.

The judgment of the trial Court in the State Court suit was reversed on appeal, because the right of action, if any, was vested in the assignee in bankruptcy. Any such right of action in his behalf, however, to set aside the deed as fraudulent, was long since barred by Sec. 5057; and the same bar extends to any similar action brought by creditors thereafter. Glenny v. Langdon, 98 U. S. 20; Trimble v. Woodhead, 102 U. S. 647; Moyer v. Dewey, 103 U. S. 301; Pearsall v. Smith, 149 U. S. 231, 13 Sup. Ct. 833.

Taking the facts altogether, it seems to me necessary under the construction given by the Supreme Court to section 5057, to hold a case like the present governed by that provision; and on this ground I must deny the application for an injunction, without reference to the further general rule that a person out of possession cannot maintain a bill in equity to remove a cloud upon the title, but must resort to his action of ejectment. Frost v. Spitley, 121 U. S. 552–556, 7 Sup. Ct. 1129, and the other cases there cited.