### SCHOOL DIST. OF CITY OF SEDALIA, MO., v. DEWEESE.

(Circuit Court, W. D. Missouri, C. D. March 28, 1899.)

#### No. 2,204.

LIMITATION OF ACTIONS—AVOIDANCE OF BAR—PLEADING.

A mere allegation that plaintiff "had no' knowledge or notice" of an alleged fraudulent conversion of property, on which the action is based, until a later date, is insufficient to avoid the bar of limitation; no facts showing either concealment by defendant or diligence on the part of plaintiff being alleged.

On Demurrer to Petition.

John H. Bothwell and Chas. E. Yeater, for plaintiff.
William S. Shirk, for defendant.

PHILIPS, District Judge. This cause has been submitted on a general demurrer to the petition. It is not deemed necessary that the court should pass upon other questions raised by the demurrer, in view of the fact that the demurrer must be sustained on the ground that the cause of action, on the face of the petition, is barred by the statute of limitations. Waiving the consideration of the question as to when plaintiff's cause of action first accrued, as against James C. Thompson, it certainly accrued, as against the First National Bank of Sedalia, not later than the month of July, 1893; and, as this suit was not instituted until the 20th day of January, 1899, more than five years had elapsed after the cause of action accrued when the suit was filed. The only attempt on the part of the plaintiff to avoid the operation of the statute is the following amendment to the petition, admitted at the hearing of this demurrer, to wit:

"And, further, plaintiff states that it had no knowledge or notice of the fraudulent conversion or sale of said bonds by said Thompson as aforesaid, and did not discover the same until after the failure of said bank, in May, 1894."

This is wholly insufficient to avoid the statute of limitations in an action for money had and received. Wood v. Carpenter, 101 U. S. 141; Foley v. Jones, 52 Mo. 64; Wells v. Halpin, 59 Mo. 92; Moore v. Smelting Co., 80 Mo. 86; Hoffman v. Parry, 23 Mo. App. 20. The

demurrer is therefore sustained, with leave to plaintiff to amend its petition, if it so desires, on or before the 20th day of April, A. D. 1899.