## DARNOLD et al. v. SIMPSON.

(Circuit Court, W. D. Missouri, W. D. April 2, 1902.)

No. 2,504.

1. CREDITORS—REMEDIES AGAINST SURETIES—LIMITATIONS.

Though ordinarily creditors will be allowed to proceed against property conveyed by their debtor to secure his sureties, such action must be taken on their part within the statutory period of 10 years, or will be barred.

2. SAME—IGNORANCE OF SITUATION—EFFECT.

The mere fact that the debtor concealed his fraudulent conduct, and that the creditors knew nothing of the situation until a short time before bringing the action, is insufficient to take the case out of the statute of limitations, where diligence on the part of the creditors to discover the situation would have enabled them to secure the property in payment of their debts.

**8. SAME—LACHES.**
    Regardless of the statute of limitations, laches on the part of the creditors in delaying their action 10 years or more may defeat the right.

J. D. Shewalter, for complainants.
Lipscomb & Priest, and Lovelock & Kirkpatrick, for defendant.

McPHERSON, District Judge. This is quite a lengthy bill of complaint, with much immaterial matter therein. In addition thereto, there is an unwarranted and unprovoked attack upon a judge of a state court of the state of Missouri, a gentleman with whom I have no acquaintance, but I have not the slightest doubt is a judge of character and purity. If his rulings were wrong, then why was there no appeal, a course much the better than that of abuse, and allowing a ruling to remain which may or may not be an estoppel? This bill ought to be stricken from the files because of the unseemly language of and concerning the state court of Missouri. But I content myself with making this statement to show my own condemnation of such attacks.

One of complainants is a citizen of Kentucky, and the other of Illinois, and the defendant of Missouri, and the amount in controversy more than $2,000. In 1858 William Hudgins conveyed certain lands in Ray county, Mo., to James Hudgins and Thos. Bayliss, in trust for Mary Darnold, for life, and at her death to her heirs. James Hudgins died in 1862, and Mary Darnold, 1871. Bayliss, as he had the right to do, under said trust deed, sold and conveyed the lands, receiving therefor $1,500. In 1873 the probate court of Ray county, Mo., required said trustee to give bond in the sum of $3,000 for the faithful performance of said trust. William Donaldson, John Harmony, and William Holman signed that bond as sureties. In 1877, Bayliss, the trustee, gave a mortgage or trust deed conveying certain Missouri lands to indemnify said sureties on his bond. Mary Darnold died in 1871. The plaintiffs are two of the four (by inference of the three) heirs of Mary Darnold, deceased. The other heir was settled with many years ago by the trustee. Bayliss, the trustee, died many years ago, but just when does not appear. The sureties on said bond are all dead, and have been for several years. The land covered by the trust deed to secure the sureties was, in 1889, conveyed to defendant Simpson. And this deed is attacked as having been made fraudulently. The prayer is to subject the land covered by the trustee's trust deed given to secure the sureties of the trustee. To this bill there is a demurrer, on the grounds, generally, of the statute of limitations, and that complainants are guilty of laches. Ordinarily, creditors such as complainants are will be allowed to proceed against property conveyed by the debtor to secure his sureties who have agreed to stand good to the creditor for the debtor. I need not fortify this proposition by argument or authorities. But on the face of the alleged cause of action it was barred by the statute of limitations of Missouri, under any phase of those laws. Any date that may be chosen for any act of Bayliss that can be complained of was more than 10 years prior to bringing this action. The only allegations seeking to take the alleged cause of action out from the statute of limitations are that Bayliss concealed his fraudulent conduct, and that complainants knew nothing of

the situation until a short time before bringing the action. But they knew their relationship to the parties to whom the trust was originally created. They knew her residence. The slightest examination of the records of the probate court of Ray county, Mo., would have put them on the track which would have led to the unearthing of the whole situation. The only allegation is that they did not know until recently. This is not sufficient. I do not have before me the exact wording of the Missouri statute. But Indiana, and many other states, have statutes which provide that the party has 10 years in which to bring action after the discovery of the fraud. In Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807, was a case in which it was alleged that complainant, only a few months since, had discovered the fraud. But the supreme court held this not sufficient. The court held the bill defective, in that there should have been allegations showing diligence,— showing what had been done to discover the situation. See School Dist. v. Deweese (C. C.) 93 Fed. 602, and Id., 100 Fed. 705–712. In the case at bar it was within complainants' knowledge of who their ancestors were, where their estates were situated, and what courts took jurisdiction over their estates, and the records of such courts were open to their inspection. Had they gone there, they would have ascertained all facts, and the sureties, and property given to indemnify them, would have been subjected to the payment of complainants' claim. The case of Wood v. Carpenter, has been followed with approval many times: Pearsall v. Smith, 149 U. S. 233, 13 Sup. Ct. 833, 37 L. Ed. 713; Felix v. Patrick, 145 U. S. 331, 12 Sup. Ct. 862, 36 L. Ed. 719; Bates v. Preble, 151 U. S. 162, 14 Sup. Ct. 277, 38 L. Ed. 106; Ware v. Galveston City Co., 146 U. S. 116, 13 Sup. Ct. 33, 36 L. Ed. 904; Johnston v. Mining Co., 148 U. S. 370, 13 Sup. Ct. 585, 37 L. Ed. 480,—and by a great many state supreme courts and federal trial courts.

I therefore hold that the alleged cause of action is barred by the statute of limitations, which statute it is the duty of this court to follow.

I do not discuss the question of laches, but, regardless of the statute, I believe and so hold, that the bringing of the action has been so long delayed that complainants ought not maintain the action. There has been no judgment rendered against the debtor, Bayliss. Neither his heirs nor representatives are made parties. Neither the grantor to the alleged fraudulent conveyance nor his heirs are made parties defendant. Complainants content themselves with making the grantee to the alleged fraudulent conveyance, and him alone, a defendant. See Gaylord v. Kelshaw, 1 Wall. 81, 17 L. Ed. 612.

In the absence of reasons for not making the other parties defendant, there are many authorities which hold that the bill is fatally defective.

But these questions I do not decide, as for the other reasons which I have given the demurrer must be sustained. And the demurrer of defendants to complainants' bill is sustained.