VARY et al. v. JACKSON.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1908.)

No. 1,764.

BANKRUPTCY (§ 417*)—SETTING ASIDE DISCHARGE—SUFFICIENCY OF PETITION.
    A petition is insufficient to authorize the reopening of bankruptcy pro-
    ceedings seven years after the bankrupt's discharge on the ground of a
    fraudulent concealment of assets, where it is verified on information and
    belief only by an assignee of a debt, does not show what property was
    scheduled by the bankrupt or what representations were made by him,
    that any creditors were deceived, or when the alleged fraud was discov-
    ered.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 417.*]

Petition for Revision of Proceedings of the District Court of the
United States for the Northern District of Alabama, in Bankruptcy.

J. A. W. Smith, for petitioners.
Lee Cowart, for respondent.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, Dis-
trict Judge.

PARDEE, Circuit Judge. The petition presented to the District
Court to reopen the proceedings in the bankruptcy of J. F. B. Jack-
son, and to permit petitioners to prove debts on the ground of fraudu-
lent concealment of assets, was not sufficiently definite and specific to
entitle the petitioners as matter of law to any relief. On March 28,
1899, Jackson was adjudicated a bankrupt, and on the 15th day of
May, following, he obtained his discharge as a bankrupt. The peti-
tion was sworn to on the 18th day of September, 1907, filed before the
referee September 24, 1907, and denied by the judge the 6th day of
January, 1908. It was verified by the affidavit of John Vary, who is
averred to be the assignee (but no date of assignment given) of a
certain judgment recovered against Jackson by one Nannie Sue Alford
on the 9th day of September, 1895, and who swore that the facts stated
are true to the best of his knowledge, information, and belief. The
other alleged creditors did not present any affidavits as to facts, ex-
cept C. E. Elder, who swore that he was the assignee of one G. Belton
Massey, who was the only creditor who proved his debt in Jackson's
bankruptcy, and that his assignment was dated November 17, 1906,
and said Elder further swore that he was willing for the proceedings
to be reopened, etc.

The petition fails to specifically show what property was surrendered
by the bankrupt or what representations were made in his schedules
as to property surrendered by him. It further fails to show that any
creditor, at the time of the bankruptcy or in the year within which
debts could be proved under section 57 (n) of the bankrupt act (Act
July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, p. 3444]),
was in any wise deceived as to the facts of the case or by the represen-
tations in the schedules. It further fails to show exactly when the
alleged fraud was discovered, or that it was discovered within one

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

year prior to the filing of the petition. See Bailey **v.** Glover, 21 Wall. 342, 22 L. Ed. 636; Pearsall v. Smith, 149 U. S. 235, 236, 13 Sup. Ct. 833, 37 L. Ed. 713.

In regard to this matter the only allegation we find in the petition is::

"The bankrupt's discharge was granted before the facts herein set out were known to the creditors or brought to the attention of this court, because they have been recently discovered."

This is too general, even if the petition had been verified properly. The record does not show what reasons actuated the judge a quo in denying the petition, nor whether any requests for amendment were made at the time of the said denial. In passing upon the proceedings, we are controlled by the record. The question of amending or of allowing amendments should have been presented to the lower court.

The petition for revision is denied.