### TRAUB v. MARSHALL FIELD & CO.

(Circuit Court of Appeals, Fifth Circuit. November 2, 1910.)

No. 2,130.

1. BANKRUPTCY (§ 372*)—REOPENING ESTATES—SUFFICIENCY OF PETITION.

In a petition to reopen a bankrupt's estate on the ground that there are assets which were not administered, it is not necessary to show what property was surrendered by the bankrupt, or what representations were made in his schedules, nor that any creditor was deceived by such representations.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 372.*]

2. BANKRUPTCY (§ 372*)—REOPENING ESTATES—LACHES.

The bankruptcy law having provided no limitation of time within which closed estates may be reopened, the doctrine of laches is applicable where an unreasonable delay has intervened.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 372.*]

3. BANKRUPTCY (§ 372*)—REOPENING ESTATES—LACHES.

A petition to reopen the estate of a bankrupt held, on the facts shown, not barred by laches.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 372.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Alabama.

In the matter of Jacob Traub, bankrupt. A petition to reopen the estate was granted by the District Court, and the bankrupt files a petition to revise the order. Petition denied.

This was an application by a creditor to reopen a bankrupt's estate. The application was granted against the bankrupt's objection, and this action of the District Court is sought to be reviewed.

Traub was adjudged a bankrupt on December 4, 1907. A trustee was appointed shortly afterward, and on December 10, 1909, the trustee was discharged and the estate closed by order of the court. On June 16, 1910, respondent, as a creditor, filed a petition to reopen the estate. The petition as amended alleged the adjudication in bankruptcy; that the estate had been closed on December 10, 1909; that in December, 1907, Traub had delivered $4,000 to one Schwartzman, with the statement that the money belonged to Mrs. Traub; that Mrs. Traub, in January, 1908, had stated on examination that she had assets amounting to less than $1,000 and no money deposited. The petition alleged on information and belief that the $4,000 was the property of Traub and subject to administration, and alleged that petitioner first learned of the facts in the matter prior to June, 1909.

By way of excuse for the delay in filing the petition, it was alleged that it was "impliedly agreed" between petitioner's attorney and the attorney for the trustee that it would be better to defer action against Traub until after the trial of an indictment which had been found against Schwartzman, and that Traub's estate would not be closed until after the termination of Schwartzman's case, nor until a course of proceeding against Traub had been agreed on.

Traub demurred to the petition, making in several forms the objections: (a) That the petition did no show what property was surrendered by the bankrupt, nor what representations were made in his schedules, nor that any creditor had been deceived as to the facts in the case or by the schedules; and (b) that petitioner's action was stale and the relief barred by laches and delay.

Traub's demurrer being overruled by the court, he filed answer as follows:

"Said bankrupt, for answer to the amended petition of Marshall Field & Co., praying that the said estate be reopened, says:

"(1) He admits the allegations of the first paragraph of said petition.

"(2) He is informed that the allegations of the second paragraph of said petition are true, and therefore admits same.

"(3) He admits the allegations of the third paragraph of the petition.

"(4) Answering the fourth paragraph of said petition, he denies that said estate has not been fully administered. He admits that in December, 1907, he delivered $4,000 to D. Schwartzman, and says that said money was the property of Mrs. Minnie Traub, who had handed it to respondent with instructions to deliver the same to said Schwartzman. He admits that on his examination in bankruptcy he stated that he had no assets in the hands of any other person and no assets other than those disclosed by such examination or by his schedules, and he avers that the statements then made by him were true and correct. He is not advised as to any statement made by said Minnie Traub on any examination had by her in said cause, and he is informed and believes, and on such information and belief states, that the said Minnie Traub made no such statement as alleged in such paragraph and that the said Minnie Traub did not then and there state under oath, as alleged, that all her possessions and property in money consisted of less than $1,000, and that she had no money deposited elsewhere, and he expressly denies this allegation of the petition. He further avers that the information that he had delivered money to said Schwartzman under the circumstances mentioned in said petition came to said petitioner and was in its possession prior to June 16, 1909, and that on said date said petitioner, or its authorized agents and attorneys, knew or had notice that he had delivered the said money to said Schwartzman on said date, and knew in substance all the facts alleged in said petition, and in substance all that petitioner now knows as to said matters, notwithstanding which

said petitioner, without taking action therein, suffered the said estate to be closed and the said trustee discharged on December 10, 1909, as alleged in third paragraph of said petition; and respondent avers that petitioner is barred by laches and delay from seeking the relief prayed for by said petition. He denies the allegations made a part of the fourth paragraph of the petition by amendment and demands proof of same.

"(5) Respondent denies all the allegations of the fifth paragraph of the petition, and avers that the reopening of said estate would have no beneficial effect to the estate; that no trustee could recover the said sum delivered by him, as Minnie Traub's agent, to said Schwartzman; that same is not his property or the property of his estate in bankruptcy; that his estate in bankruptcy has no claim nor right thereto; and that such proceedings would be a vain and useless thing.

"Said respondent denies all the allegations of said petition not hereby expressly denied or admitted.

"George Huddleston, Attorney for Jacob Traub.

"State of South Carolina, County of Charleston. Before the undersigned, a notary public in and for said county and state, personally came Jacob Traub, the person mentioned in the foregoing answer, who on oath says that the statements made in said answer as of his knowledge are true, and that the statements therein made as of his information and belief, affiant is informed and believes the same to be true.                                    Jacob Traub.

"Sworn to and subscribed before me, this 5th day of July, 1910.

"F. M. Bryan, Notary Public."

The proceeding was heard upon the petition and answer, no evidence being offered by either party at the hearing, and thereupon an order was made granting the petition and reopening the estate.

The matter comes before the Court of Appeals upon Traub's petition for the review of the order of the District Court reopening the estate. Errors are assigned as follows:

(1) The District Court erred in overruling Traub's demurrer to the petition of Marshall Field & Co. to reopen the bankrupt estate.

(2) The District Court erred in granting the petition of Marshall Field & Co. to reopen Traub's estate; no evidence having been offered in support of the petition, material averments of which were denied.

Geo. Huddleston, for petitioner.

Vassar L. Allen, for respondent.

Before PARDEE and SHELBY, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. Conceding, but not holding, that a bankrupt may oppose a petition of creditors to reopen a bankrupt's estate because closed before being fully administered (Bankruptcy Law July 1, 1898, c. 541, § 2, par. 8, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3420]), we are of opinion that in this case it was not necessary that the petition to reopen should show what property was surrendered by the bankrupt, or what representations were made in his schedules, nor that any creditor was deceived by the representations in the schedules.

Vary v. Jackson, 164 Fed. 840, 90 C. C. A. 602, decided by this court, was a case wherein a petition to reopen was filed by a creditor eight years after the closing of the estate for the purpose of allowing him to prove debts which he had failed to prove because he had been deceived by the bankrupt's schedules; and the limitation of one year therein referred to related to the statutory limit of one year allowed within which to prove debts, and is not applicable to the case now in hand.

The bankruptcy law provides no limitation of time within which

closed estates may be reopened, and the doctrine of laches is applicable where an unreasonable delay has intervened.

Here, on the facts stated in the creditor's petition and the admissions made in the bankrupt's answer, and with the entire record and proceedings in the bankruptcy of Traub before him, the judge of the court a quo was warranted in holding that the creditor brought his petition within a reasonable time, and that the estate should be reopened.

The petition to revise is denied.