### In re WEINTROB.

(District Court, E. D. North Carolina. March 29, 1920.)

1. BANKRUPTCY ⊜⇒417(4)—ALLEGATIONS OF PETITION TO REVOKE DISCHARGE TAKEN AS TRUE ON MOTION TO DISMISS.

  The allegations in a petition to revoke a discharge in bankruptcy that the petitioners had no notice nor knowledge of the discharge until shortly before filing the petition must be taken as true on motion to dismiss.

2. BANKRUPTCY ⊜⇒417(2)—FRAUD JUSTIFYING REVOCATION OF DISCHARGE MUST BE FRAUD IN PROCURING THE DISCHARGE.

  Under Bankruptcy Act, § 15 (Comp. St. § 9599), authorizing the judge to revoke a discharge in bankruptcy if obtained through fraud of the bankrupt, the fraud referred to is fraud in the procurement of the discharge, and not fraud which, on objection by the trustee or creditors, would have prevented the bankrupt from receiving a discharge.

3. BANKRUPTCY ⊜⇒417(4)—APPLICATION TO REVOKE DISCHARGE MUST BE MADE WITHIN YEAR, REGARDLESS OF LACHES.

  Under Bankruptcy Act, § 15 (Comp. St. § 9599), authorizing the revocation of discharges on the application of parties who have not been guilty of undue laches, filed within one year after the discharge is granted, the requirement that the appellant be not guilty of undue laches is an additional prerequisite to the revocation, and does not dispense with the requirement that the application be made within one year, and the application must be made within such period.

In Bankruptcy. Application to revoke the discharge of A. Weintrob, bankrupt. On motion to dismiss the petition. Application dismissed.

See, also, 240 Fed. 532.

R. H. Sykes, of Durham, N. C., for creditors.

Little & Barnes, of Raleigh, N. C., and D. H. Gladstone, of Washington, D. C., for bankrupt.

CONNOR, District Judge. John B. Ellison & Son, of Philadelphia, Pa., on January 17, 1919, filed their petition, praying that the court revoke the discharge granted to the respondent, for that they and other

creditors, whose debts were regularly scheduled, proven, and allowed, received no notice of the petition for discharge and of the time and place of hearing same. Notice was issued to the respondent to show cause at Raleigh, N. C., on the 2d day of March, 1920, why the petition should not be granted. Upon the return day counsel for respondent moved the court to dismiss the petition upon the grounds set out in the motion. The facts appearing upon an inspection of the record are:

On December 2, 1916, respondent offered a composition before adjudication, pursuant to the provisions of section 12 of the Bankruptcy Act (Comp. St. § 9596), making an offer of 25 per cent. Notice to the creditors was issued, and, upon the day set for hearing, John B. Ellison & Sons, holding a claim of $1,018.24 against petitioner, filed objections to the confirmation of the composition, alleging that petitioner had been guilty of fraud, in that he had made fraudulent representations in regard to his financial condition, for the purpose of obtaining credit and for other reasons set forth. Upon the hearing the court refused to confirm the composition for the reasons assigned by the creditor, and on March 27, 1917, adjudged the petitioner a bankrupt. In re Weintrob (D. C.) 240 Fed. 532.

The case took the usual statutory course. On the 29th day of October, 1917, the bankrupt filed his petition for a discharge from his debts, upon which an order was made fixing the hearing at Durham, N. C., December 3, 1917, at 12 o'clock m., and directing notice of said hearing to be published in the Durham Sun, and "that the clerk send by mail, to all known creditors, copies of said petition and this order, addressed to them at their places of residence as stated."

On December 4, 1917, Charles Scarlett, the referee before whom the petition for discharge was heard, certified to the court that—

"pursuant to an order of court, notice of the hearing to be had before me was given by Hon. Leo D. Heartt, clerk; that pursuant to such order a hearing on the petition for discharge was had before me at my office in Durham on the 3d day of December, 1917, at 12 m.; that no creditors, or attorneys representing creditors, were present at said hearing; that no special appearance was entered, and no specifications of objections filed, opposing the granting of a discharge to said bankrupt."

He recommended that the discharge be granted, whereupon the judge directed that the certificate of discharge be issued December 5, 1917. The blank certificate of publication and of mailing notices, printed on the back of the petition for discharge and order thereon, are not filled in or signed by the clerk.

The motion to revoke is based upon the averment, verified by William R. Ellison, a member of the firm of John B. Ellison & Son, that—

"no notice of the application for discharge or the hearing upon the same was ever received by these petitioners."

Ten other creditors join in the motion, all of whom file affidavits that they—

"received no notice of the petition for discharge or the hearing thereon; that if they had received such notice they and each of them say that they would have filed objections, followed by specifications, to granting the discharge; that they learned only a short while before lodging the motion that respondent had received a discharge."

The respondent moved the court to dismiss the petition for that:

"(1) The petition contains no allegation of fraud on the part of the bankrupt.

"(2) The petitioners have been guilty of laches, in that the discharge was issued on the 7th day of December, 1917, and petition was not filed until January 17, 1920."

The question presented upon the petition and motion to dismiss involves the construction of section 15 of the Bankruptcy Act (Comp. St. § 9599), which provides:

"The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the granting of the discharge."

[1] The suggestion that the petitioning creditors have been guilty of laches may be put aside. The petition avers, and upon this motion must be taken as true, that they had no notice or knowledge that the discharge had been granted until a short while before filing the petition.

[2] The sole question is whether the facts appearing of record bar the application of petitioners. While counsel treated the averment of the petition as an allegation that notice of the time and place for hearing the petition for discharge were not mailed, as the act requires (section 58 [Comp. St. § 9642]), it will be observed the averment is that neither of the petitioners received such notice. The failure of the clerk to file the affidavit attached to the petition tends to sustain the suggestion that the notices were not mailed. Conceding pro hac vice that such is the fact, there is no suggestion that the bankrupt either knew of, or was in any way responsible for, the failure of the clerk to mail the notices—if he did fail. The schedule discloses 31 creditors; 10 of them join in this petition.

Counsel for petitioners frankly concedes that he does not charge that the bankrupt procured, or had knowledge of, the failure to mail the notices. It is manifest that the fraud referred to in the statute refers to fraud in the procurement of the discharge, and not to fraud which, upon objection by the trustee or the creditors, would have prevented him from receiving a discharge. I have no doubt that, if the notice had been received, at least one creditor, John B. Ellison & Sons, would have objected, and from the examination of the bankrupt, upon the motion to confirm the composition, would have shown sufficient ground to sustain their objection. 240 Fed. 532.

[3] Passing, however, the failure to allege or show fraud on the part of the bankrupt in procuring the discharge, the petitioners are confronted with what appears to be an insuperable obstacle to their application, in that more than two years elapsed between the date of the discharge and filing this petition, whereas the statute fixes one year as the time within which the application must be made. This is not a mere statute of limitation, but an essential prerequisite to the proceeding. The requirement that the applicant be not guilty of undue laches is an additional prerequisite to the right to ask the court to revoke the dis-

charge, and does not dispense with the requirement that the application be made within one year after a discharge shall have been granted.

Counsel call attention to cases in which the courts have reopened bankruptcy cases more than one year after the discharge to enable the trustee to secure and administer property, either concealed or of which he had no knowledge. In re Shaffer (D. C.) 104 Fed. 982; In re Pierson (D. C.) 174 Fed. 160; Traub v. Marshall Field Co., 182 Fed. 622, 105 C. C. A. 488. In these cases the application was not made to revoke a discharge, but to "reopen the estate" for the purpose of bringing assets into its administration. This power is conferred by section 2 (8), and no limitation is imposed upon the court in respect to the time within which it is to be exercised. This distinction is noted by the courts in the cases cited by counsel. In re Shaffer, supra. Judge Purnell is careful to say that granting the order to reopen the estate did not affect the discharge, saying:

"The order discharging Shaffer therefrom stands. No act of his can affect it. More than a year having elapsed, no creditor can attack it. As far as the bankrupt is concerned, therefore, these creditors are barred."

While, as said by counsel, the case is, as to the creditors, a hard one, the statute is the source from which the court derives its power to grant the order of revocation, and it may not disregard its positive limitations. It has been said, "Hard cases are the quicksands of the law." The application, for the reasons assigned, must be dismissed.

It is so ordered.