## WOOD v. CARPENTER.

The statutes of Indiana provide that "an action for relief against frauds shall be commenced within six years," and that "if any person liable to an action shall conceal the fact from the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action." A., who had recovered judgment in 1860 in a court of that State against B., brought suit in 1872, alleging that the latter, in 1858, in order to defraud his creditors, confessed judgments, incumbered his property, and in 1862 transferred his real and personal estate to sundry persons, who held the same in secret trust for him; that on being arrested in 1862, upon final process to compel the payment of A.'s judgment, he deposed that he was not worth twenty dollars, and had in good faith assigned all his property to pay his creditors; that A. believing the statement, and relying upon the representations of B., that C., his son-in-law, would with his own means purchase the judgment for fifty cents of the principal and interest, sold it in 1864 to C.; that he has since discovered that the money he received therefor belonged to B.; that the latter has now an indefeasible title to the property; and that said judgment has been entered satisfied. *Held,* that the Statute of Limitations commenced running when the alleged fraud was perpetrated, and that it is not avoided by a replication averring that B. fraudulently concealed the facts in the declaration mentioned, touching the incumbering or the conveying of the property, the confession of judgments, and his real ownership of the property, and that A. had no knowledge of them until a short time before the suit was brought.

ERROR to the Circuit Court of the United States for the District of Indiana.

The facts are stated in the opinion of the court.

*Mr. Andrew L. Robinson* and *Mr. Asa Iglehart* for the plaintiff in error.

*Mr. Charles Denby* and *Mr. J. M. Shackelford* for the defendant in error.

MR. JUSTICE SWAYNE delivered the opinion of the court.

This action was brought Oct. 21, 1872. The amended complaint or declaration makes the following case: William L.

Wood, the plaintiff, recovered judgments in the Vanderburg Circuit Court against Willard Carpenter upon sundry promissory notes and bills of exchange. The first judgment bore date on the 16th of May, 1860, and the last on the 22d of August in that year. In the aggregate they amounted to the sum of $8,557.07. At the dates of the notes and bills the defendant was the owner of real and personal estate of the value of $500,000. For the purpose of defrauding the plaintiff and others by depreciating the value of their claims against him, and of thereby inducing them to sell the claims to him for less than their face, the defendant, in the year 1858, entered into a fraudulent conspiracy with his brother, Alvin B. Carpenter, and others to the plaintiff unknown, to incumber his real estate and hide away the title so that the property should not be sold to pay his debts, but in the end inure to his benefit. In pursuance of this scheme he confessed sundry fraudulent judgments for large sums, and afterwards made a fraudulent assignment of all his property to William H. Walker and William D. Allis, and thereafter procured the title to all his real and personal estate to be vested in his brother, Alvin, and others, who held the property in secret trust for the defendant. In this way the title was so concealed that the plaintiff was prevented from levying executions issued upon his judgments. On the 14th of January, 1862, the plaintiff, in order to compel the defendant to pay his judgments, caused him to be arrested by the sheriff, in Massachusetts, upon final process. The defendant was taken before a master in chancery, and afterwards, before the master, took the insolvent debtor's oath according to the law of that State, and was thereupon discharged. Upon that occasion he falsely deposed and swore that he was not possessed of pecuniary means to the extent of twenty dollars, and that he had in good faith assigned all his property for the benefit of his creditors. From that time forward the defendant falsely pretended to the plaintiff and his other creditors that he was poor, and wholly unable to pay his debts, or any part of them. Having thus put his property beyond the reach of process upon the plaintiff's judgments, and procured his discharge from custody in Massachusetts, and led the plaintiff to believe he had no property out of which the judgments

could be collected, the defendant afterwards, on the 1st of January, 1864, in further pursuance of the conspiracy, pretended and represented that his son-in-law, one D. C. Keller, would purchase the judgments with his own means, and so procured the plaintiff, who acted upon the belief of the truth of the representations and of the perjured statement of the defendant, to assign the judgments to Keller for fifty per cent of their principal and interest, amounting to $5,104.52, whereas, in fact, the judgments were bought by Keller with money furnished by the defendant, and they were held in trust by Keller for the defendant until June 1, 1873, when Keller, at the instance of the defendant, caused satisfaction to be entered. Before and since the rendition of the judgments the defendant owned property worth exceeding $200,000. The title was held in secret trust for him by his brother Alvin and others, and was fraudulently concealed from the plaintiff until long after the assignment of the judgments. Within twelve months past the property was all reconveyed to the defendant, and he holds it by an indefeasible title. The plaintiff had no knowledge of the ownership of the property by the defendant, nor of the secret trust, nor of the falsity of his representations, as alleged, until during the year 1872.

The defendant filed an answer consisting of three paragraphs: —

1. He denied all the allegations of the petition.

2. He alleged that the causes of action set forth in the petition did not accrue within six years.

3. He averred that he was not guilty of any of the grievances set forth in the complaint at any time within six years before the commencement of the action.

The plaintiff's reply to the second and third paragraphs averred as follows: —

The defendant concealed the facts, that the judgments confessed in favor of Chapman and others were fraudulent; that Alvin C. Carpenter held the said property, real and personal, in trust for the defendant; that the defendant had committed perjury before the master in Massachusetts; that Keller had bought the judgments with the defendant's money, and for the defendant's use and benefit; that the defendant was in

fact the owner of the property, and that it was held by his brother and others in secret trust for him; and that his representations as to his insolvency were false and fraudulent.

It was averred further, that the concealment was effected by the defendant by means of fraud, perjury, and the other wicked devices set forth and described in the plaintiff's complaint herein; and that the plaintiff had no knowledge of the facts so concealed by the defendant until the year 1872, and a few weeks only before the commencement of this suit.

The defendant demurred to the last two paragraphs of the reply. The demurrer was sustained. The plaintiff not asking leave to amend, the court gave judgment against him, and he thereupon sued out this writ of error.

The only question presented for our consideration is whether the demurrer was properly sustained. The Statute of Limitations relied upon by the defendant declares : —

"The following actions shall be commenced within six years after the cause of action has accrued, and not afterwards." 2 Rev. Stat. of 1876, p. 121. ". . . If any person liable to an action shall conceal the fact from the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action." Id. 128, sect. 219. Both these provisions apply to actions for fraud. *Musselman* v. *Kent and Others*, 33 Ind. 453; *Cravens* v. *Duncan*, 55 id. 347. The statute begins to run when the fraud is perpetrated. *Wynne et al.* v. *Cornelison et al.*, 52 id. 312.

In the case in hand, the specific wrong complained of, and the gravamen of the action, is the transfer of the judgments against Carpenter for the consideration of fifty cents on the dollar of principal and interest, when it is averred they were good for the entire amount, and which transfer, it is alleged, was brought about by the fraud and misrepresentations of the defendant and Keller. It is averred in the complaint that they were assigned on the 1st of January, 1864. The cause of action then accrued, and the statute began to run. The averments of fraud, aside from this transaction, are only matters of inducement. The bar of the statute became complete on the 1st of January, 1870, unless the reply brings the case within sect. 219,

which declares that, where there is concealment, such actions may be brought within the time limited, after the discovery of the cause of action.

Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evidence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extending to the limit prescribed, is itself a conclusive bar. The bane and antidote go together.

The provision in the statute of which the plaintiff seeks to avail himself was originally established in equity, and has since been made applicable in trials at law. There is no trace of it in the English statute of limitations of the 21st of James I., which was adopted in most of the American colonies before the Revolution, and has since been the foundation of nearly all of the like legislation in this country.

Having been imported from equity, the adjudications of equitable and legal tribunals upon the subject are alike entitled to consideration.

Upon looking carefully into the reply, we find it sets forth that the concealment touching the cause of action was effected by the defendant by means of the several frauds and falsehoods averred more at length in the complaint. The former is only a brief epitome of the latter. There is the same generality of statement and denunciation, and the same absence of specific details in both. No point in the complaint is omitted in the reply, but no new light is thrown in which tends to show the relation of cause and effect, or, in other words, that the protracted concealment which is admitted necessarily followed from the facts and circumstances which are said to have produced it.

It will be observed also that there is no averment that during the long period over which the transactions referred to extended, the plaintiff ever made or caused to be made the slightest inquiry in relation to either of them. The judgments

confessed were of record, and he knew it. It could not have been difficult to ascertain, if the facts were so, that they were shams. The conveyances to Alvin and Keller were also on record in the proper offices. If they were in trust for the defendant, as alleged, proper diligence could not have failed to find a clew in every case that would have led to evidence not to be resisted. With the strongest motives to action, the plaintiff was supine. If underlying frauds existed, as he alleges, he did nothing to unearth them. It was his duty to make the effort. It should be borne in mind that when the judgments were assigned to Keller the country was in the throes of the civil war. Lee had not surrendered. Gold and silver, in the currency of the time, were at a high premium. All real property was largely depreciated. The future was uncertain. A transaction which then seemed wise and fortunate, a year later might be deemed greatly otherwise. It is hard to avoid the conviction that the plaintiff's conduct marks the difference between forethought in one condition of things and afterthought in another.

The discovery of the cause of action, if such it may be termed, is thus set forth : "And the plaintiff further avers that he had no knowledge of the facts so concealed by the defendant until the year A.D. 1872, and a few weeks only before the bringing of this suit." There is nothing further upon the subject.

In this class of cases the plaintiff is held to stringent rules of pleading and evidence, "and especially must there be distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether, by ordinary diligence, the discovery might not have been before made." *Stearns* v. *Page*, 7 How. 819, 829. "This is necessary to enable the defendant to meet the fraud and the time of its discovery." *Moore* v. *Greene et al.*, 19 id. 69, 72. The same rules were again laid down in *Baubien* v. *Baubien*, 23 id. 190, and in *Badger* v. *Badger*, 2 Wall. 95.

A general allegation of ignorance at one time and of knowledge at another are of no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what

it was, how it was made, and why it was not made sooner. *Carr* v. *Hilton*, 1 Curt. C. C. 220.

The fraud intended by the section which shall arrest the running of the statute must be one that is secret and concealed, and not one that is patent or known. *Martin, Assignee, &c.* v. *Smith*, 1 Dill. 85, and the authorities cited.

" Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is notice of every thing to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it." *Kennedy* v. *Greene*, 3 Myl. & K. 722. " The presumption is that if the party affected by any fraudulent transaction or management might, with ordinary care and attention, have seasonably detected it, he seasonably had actual knowledge of it." Angell, Lim., sect. 187 and note.

A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power, he will be held to have known it. *Buckner & Stanton* v. *Calcote*, 28 Miss. 432, 434. See also *Nudd* v. *Hamblin*, 8 Allen (Mass.), 130.

In *Cole* v. *McGlathry* (9 Me. 131), the plaintiff had given the defendant money to pay certain debts. The defendant falsely affirmed he had paid them, and fraudulently kept the money. It was held that the plaintiff could not recover, because he had at all times the means of discovering the truth by making inquiry of those who should have received the money.

In *McKown* v. *Whitmore* (31 id. 448), the plaintiff handed the defendant money to be deposited for the plaintiff in bank. The defendant told the plaintiff that he had made the deposit. It was held that, if the statement were false and fraudulent, the plaintiff could not recover, because he might at all times have inquired of the bank. In *Rouse* v. *Southard* (39 id. 404), the defendant was sued as part owner of a vessel, for repairs, and pleaded the Statute of Limitations. The plaintiff offered evidence that the defendant, when called on for payment, had denied that he was such owner. It was held that, as the ownership might have been ascertained from other sources, the

denial was not such a fraudulent concealment as would take the case out of the bar of the statute.

Numerous other cases to the same effect might be cited. They all show the light in which courts regard the qualification here in question, of the limitation which would otherwise apply.

The subject has been several times considered in the State of Indiana, whence this case came. In *Boyd* v. *Boyd* (27 Ind. 429), it was ruled that the concealment under sect. 219, which will avoid the statute, must go beyond mere silence. It must be something done to prevent discovery.

*Stanley* v. *Stanton* (36 id. 445) is instructive with reference to the case before us. In 1870, A. sued B. The complaint alleged that in 1848 B. falsely represented himself to A. to be the agent of C., to whom A. was indebted on a promissory note, and that A. paid the money to B. as such agent, and that B. promised to pay it over to C., which he had not done. B. pleaded the Statute of Limitations. A. replied that he paid the money to B. on his claim that he was the agent of C.; that B. was not such agent, but concealed the fact from A., and promised A. to pay the money to C., which he had not done, and that by reason of the concealment A. did not discover the cause of action until the fall of the year 1869. It was held that, the concealment being all previous to the accruing of the cause of action, something more than the silence of B. was necessary to prevent the running of the statute, and that the action was barred. The concealment, it was said, must be the result of positive acts.

*Wynne et al.* v. *Cornelison et al.* (*supra*) was a case growing out of an alleged fraudulent conveyance. There, as here, there was a demurrer to a paragraph of the reply setting up concealment to countervail the defence of the Statute of Limitations. The allegations were not unlike those in the case before us. The judgment of the court below sustaining the demurrer was affirmed. The court said: " The Statute of Limitations is a statute of repose, and where its operation is sought to be avoided by the party liable to the action, the allegation and proof should bring the case clearly within the section. The allegation that the defendants pretended and professed to the

world that the transactions were *bona fide* transactions, is too general to amount to any thing." A wide and careful survey of the authorities leads to these results: —

The fraud and deceit which enable the offender to do the wrong may precede its perpetration. The length of time is not material, provided there is the relation of design and its consummation.

Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry.

There must be reasonable diligence; and the means of knowledge are the same thing in effect as knowledge itself.

The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence.

The reply is clearly bad. It contains some vigorous declamation, but is wanting in the averment of facts, which are indispensable to give it sufficiency as a pleading, for the purpose intended. The complaint to which it refers does not help it. Further remarks are unnecessary. The demurrer was properly sustained by the Circuit Court.

*Judgment affirmed.*