MERCANTILE TRUST Co. *v.* KANAWHA & O. RY. Co. *et al.*

(*Circuit Court, S. D. Ohio, E. D.* June 8, 1892.)

No. 479.

**1. RECEIVER'S CERTIFICATE—LIEN—EXTINGUISHMENT.**
The lien of receiver's certificates continues as long as the order authorizing their issuance remains in force, though such order was made without notice to parties interested; and the fact that a reference is had to determine all claims against the receiver, and a report is confirmed which makes no allusion to the certificates, is not an adjudication against them, when it appears that they were not presented or considered, and that their holder had no notice of the reference.

**2. SAME.**
A receiver's certificates, which are ordered to be paid out of the income of the road from time to time, are in the nature of a call loan, and the holder has a right to presume that the receiver will notify him when the loan is to be called or the money paid.

**3. SAME—MISAPPROPRIATION BY RECEIVER.**
Where a purchaser of receiver's certificates has paid their par value to the receiver, without notice of any facts to put him upon inquiry, his lien is not affected by the fact that the receiver appropriates the money to his own use.

**4. SAME—SALE OF PROPERTY—CONTINUANCE OF LIEN.**
Receiver's certificates were issued in a railroad foreclosure suit, and thereafter the road was sold to a committee of the bondholders, to be paid for by a deposit of the bonds. The decree confirming the sale directed the conveyance to be made expressly subject to the payment of any sums in cash on account of the purchase price which the court might afterwards direct, and a vendor's lien to be served for security. These provisions were incorporated in the deed to the committee, and in their deed to a new corporation organized by the bondholders. *Held,* that the reservation had the force of a covenant running with the land, and, as no cash was paid in, the lien of the certificates was not transferred to the fund arising from the sale, but was continued on the property.

**5. SAME—ENFORCEMENT OF LIEN—JURISDICTION.**
Where receiver's certificates are issued by direction of a federal court in one state, and ancilliary proceedings are had in a federal court of another state, into which the road extends, the latter court has jurisdiction to enforce the lien of the certificates, even in a separate suit and against a company which purchased the road after the sale in the original proceeding.

In Equity. Bill by the Mercantile Trust Company against the Kanawha & Ohio Railway Company for the foreclosure of a mortgage. Heard on the intervention of the Adams Express Company to enforce the prior lien of certain receiver's certificates. Decree for intervener.

*Simpson, Thatcher & Barnum* and *Alexander & Green,* for complainant.
*Ramsey, Maxwell & Ramsey,* for Adams Express Company.

SAGE, District Judge. This cause is before the court upon the intervening petition of the Adams Express Company and the proofs and exhibits offered by the parties. It is set up in the petition that in 1883 the Ohio Central Railroad Company was the owner and in possession of the railroad involved in this suit, the river division of which extends from the town of Corning, in the state of Ohio, to a point in the county

of Gallia, on the north side of the Ohio river, and thence, crossing the river by bridge, to the city of Charleston, W. Va., as mentioned and described in the bill of complaint herein, and had duly executed a mortgage thereon to the Central Trust Company of New York, to secure its bonds to the amount of $5,316,000. On the 20th of November, 1883, the Central Trust Company filed its bill in equity to foreclose said mortgage in the circuit court of the United States for the district of West Virginia, and on the 21st of November, 1883, upon the application of the Central Trust Company, and with the consent of all parties, the court appointed Thomas R. Sharp receiver of said railroad, with power to operate and manage the same. He accepted the appointment, and entered upon the performance of the duties of the position. On the 13th of December, 1883, the court made an order authorizing the receiver to issue certificates to an amount not exceeding $50,000, bearing interest at the rate of 6 per cent. per annum; the court finding that that amount would be required for the repairing of bridges and ditching and ballasting certain portions of the roadbed, and for certain other expenses of maintenance, repairing, and management. It was further ordered that the certificates should be a first and paramount lien on the property of the railroad company then in the possession of the receiver, and upon that which he might afterwards take into his possession. Said certificates were not to be negotiated at less than their face value, and it was further ordered that the receiver should pay them out of the revenues of the railroad company received by him from time to time.

On the 24th of March, 1884, the court entered a further order, authorizing the receiver to sell or negotiate certificates upon such terms and at such rates as he might deem proper, and might be able to obtain.

It is further set forth that the petitioner, on the faith of these orders, both of which remain in full force and are unreversed, and in consideration of receiver's certificates delivered to it by said Thomas R. Sharp, paid to him at various dates beginning April 16, 1884, and ending August 29, 1884, $35,935.39, taking therefor certificates at par. A decree of foreclosure was subsequently entered under which the railroad was sold to a committee of the bondholders under said mortgage, who turned in their bonds in payment of all but a small portion of the purchase price, and thereupon organized the defendant corporation, the Kanawha & Ohio Railway Company, executed the mortgage sought to be foreclosed herein, and distributed the stock of said Kanawha & Ohio Railway Company, and the bonds secured by said mortgage, *pro rata* among the owners and holders of the bonds secured by said mortgage of the Ohio Central Railroad Company and said Central Trust Company; and that the stock and mortgage bonds of the Kanawha & Ohio Railway Company are still almost wholly, if not altogether, held by said original distributees.

The petitioner further sets forth that no provision was made in the proceedings in the United States circuit court for the district of West Virginia for the payment of the receiver's certificates issued to and held by petitioner, and that the same are wholly unpaid and due to petitioner

with interest; also that no notice was ever given to petitioner to present the same for payment. Wherefore petitioner prays that said certificates may be declared a first and paramount lien upon so much of said realty as is in the state of West Virginia, and that out of the proceeds thereof it may be first paid the amount of said certificates, with interest.

The following are by stipulation admitted to be facts:

(1) That on the faith of the orders of December 13, 1883, and March 24, 1884, mentioned in the intervening petition, and in consideration of receiver's certificates simultaneously delivered to it by said Sharp, the Adams Express Company paid to said Sharp, receiver, the sums stated upon the days stated in the intervening petition; the receiver's certificates being in form as shown therein.

(2) That none of the money so as aforesaid paid to said Sharp by the Adams Express Company was used for the purposes specified in said order of December 13, 1883, or for any other purposes of said receivership, or for the benefit of the property held therein or of the parties to said cause.

(3) That neither the purchasers, nor their grantee, nor the Kanawha & Ohio Railway Company, nor the complainant herein, knew of the existence of said certificates until September, 1887; and that the Adams Express Company never demanded of the Kanawha & Ohio Railway Company payment of said certificates, nor ever in any way, until the filing of its intervening petition herein, sought to enforce the alleged lien which it now asserts. Said certificates have never been paid, nor the money represented thereby.

It is objected that the certificates, having been issued upon orders made without notice to parties interested, are not entitled to recognition anywhere, because the court in West Virginia has not, after notice and hearing, approved them; citing *Union Trust Co.* v. *Illinois M. Ry. Co.,* 117 U. S. 476, 6 Sup. Ct. Rep. 809. It is urged that in legal effect these certificates have been disapproved by that court, because it directed a reference for the determination of all claims against its receiver, and the report of the referee was approved and embodied in the final decree of June, 1886, and that thus the court in effect adjudged that nothing should be paid on these certificates. The objection will be overruled. The holding in *Union Trust Co.* v. *Illinois M. Ry. Co.* was that the receiver and those lending money to him on certificates issued on orders made without prior notice to parties interested, "take the risk of final action of the court in regard to the loans." So they do, but the order stands until set aside; and it has not been set aside. As to the suggestion that the reference and the confirmation of the report of the referee amounted to an adjudication against these certificates, it is only necessary to state the facts that petitioner had no notice of the reference, and did not appear, and that its claim was not presented or considered, and to cite the old case of *Ravee* v. *Farmer,* 4 Term R. 146, and the still older case of *Golightly* v. *Jellicoe,* Hil. 9 Geo. 3 B. R., referred to in the note to *Ravee* v. *Farmer.* The certificates in question were issued under an order which declared that they should be a first and para-

mount lien on so much of the property of the Ohio Central Railroad Company as was then in the possession of the receiver, or as might thereafter come into his possession. The court had jurisdiction over the parties and possession of the *res*, and the certificates were ordered for a purpose authorized by law. Under the order of the court they became a valid first lien upon the railroad. *Wallace* v. *Loomis*, 97 U. S. 146, 162; *Union Trust Co.* v. *Illinois M. Ry. Co.*, 117 U. S. 434, 6 Sup. Ct. Rep. 809; *Vilas* v. *Page*, 106 N. Y. 439, 451, 452, 13 N. E. Rep. 743. The certificates were delivered by the receiver to the petitioner contemporaneously with the payment by the petitioner to the receiver of their par value. The fact that the receiver appropriated the money is immaterial. *Union Trust Co.* · v. *Illinois M. Ry. Co., supra.* There is no showing of any facts sufficient to put the petitioner on inquiry. It is a joint-stock company organized under the laws of the state of New York. It had no notice of the proceedings in the United States court in West Virginia to foreclose the mortgage, and the court had no notice of the issuing of the certificates. *Wood* v. *Carpenter*, 101 U. S. 135, 143, and *Jesup* v. *Railroad Co.*, 43 Fed. Rep. 503, cited by counsel for the complainant, do not apply. In each of those cases the court found that the complainant had knowledge of facts sufficient to put him on inquiry.

The only question in the case, therefore, is whether the lien has been discharged. The real suggestion of the complainant is that by virtue of the sale and transfer of the railroad property the lien was transferred from the property to the fund. Had the purchaser been a party to the suit, or an independent party, and paid the purchase money in cash, it might well be claimed that the lien was transferred to the fund. But it appears from the record of the decree and proceedings of sale that the purchase was made by a reorganization committee of the bondholders, who paid in only money enough to meet the costs and other expenses of the case, and for the residue turned in bonds. Under the decree of confirmation the conveyance was directed to be made, and was made, expressly subject to the payment of any sums which the court might thereafter direct to be paid in cash on account of the purchase money, and a vendor's lien was ordered to be reserved in the deed upon the property and premises conveyed for the security of such payment, with the right to resell if such payment should not be made within 30 days after an order of court directing it. These provisions of the decree were incorporated by recital in the deed to the purchaser, and subsequently in the deed made by the purchasing committee to the Kanawha & Ohio Railway Company. It follows logically and necessarily that the lien, which would have been transferred to the fund had the purchaser paid in money for the property, was preserved against the property itself, the recitals in the deed having all the force of covenants running with the land, and binding upon any one who should acquire the title. The precise point was adjudicated in *Vilas* v. *Page*, 106 N. Y. 439, 13 N. E. Rep. 743. ANDREWS, J., at page 454, 106 N. Y., and page 747, 13 N. E. Rep.; says:

"If the purchasers on the sale, whether bondholders or third persons, had paid the purchase money in cash, or secured its payment, there would, we conceive, be no doubt that the lien would be transferred to the proceeds. There would then be a substitute for the thing sold, upon which the lien would attach, relieving the land in the hands of the purchasers. But it could not have been the intention of the court to make a constructive payment on a purchase by the mortgagees, through a cancellation of the mortgage debt, equivalent to an actual payment, so as to relieve the property from the charge. Such a lien would be illusory merely, having no substantial quality. The purchasers cannot claim to have the premises purchased discharged from the lien."

This court has the power to enforce the lien. A portion of the line of the railroad sold is within its territorial jurisdiction, and proceedings ancillary to those conducted in the United States circuit court in and for West Virginia were conducted here. In *Swann* v. *Clark*, 110 U. S. 602, 4 Sup. Ct. Rep. 241, the lien of receiver's certificates was enforced in an independent suit.

The petitioner has not been guilty of laches. The receiver's certificates were practically call loans, and the petitioner had the right to assume that the receiver, the court's officer, would notify it when the loan was to be called or the money paid.

The decree will be in favor of the petitioner for a lien, prior to the complainant's mortgage and to any claims against the Kanawha Railway Company, for the amount of the certificates, with interest and costs.