HORNER v. PERRY.

(Circuit Court, W. D. Missouri, W. D. December 19, 1901.)

**1. CONTRACTS—FRAUD—WHAT LAW GOVERNS.**

Where defendant was employed by plaintiff to sell his stock in a Kansas corporation, and the parties at the time lived in Kansas, the sale by defendant pursuant to such contract was a Kansas contract, and any fraud perpetrated by defendant on plaintiff in making the sale would be governed by the laws of that state, though they were both absent therefrom at the time the sale was made.

**2. FRAUD—ACTIONS—LIMITATIONS.**

Under Gen. St. Kan. 1897, c. 95, § 15, providing that limitations do not run against a claim while the defendant is out of the state, and the provision of such laws that an action to recover for fraud may be brought within two years after the discovery of the fraud, and the statutes of Missouri providing that such action may be brought within five years after the discovery of the fraud, an action commenced in the United States circuit court of Missouri in 1900 to recover money received and fraudulently retained by defendant in 1893 under a Kansas contract, which fraud was discovered in 1898, defendant having resided in Missouri for one year next preceding the commencement of the action, is not barred.

**3. SAME—DISCOVERY—LACHES.**

Where defendant, being authorized to sell plaintiff's corporate stock to a certain person at a certain price, sold to him at a still higher price, and then telegraphed plaintiff that he could not make such sale, but could sell to other parties at a less price, and was authorized by plaintiff to sell at such less price, if that was the best he could do, reporting the sale as having been made at such less price, and remitting therefor to plaintiff, he cannot be charged with laches in not discovering such fraud until five years thereafter.

Blue & Glasse and Botsford, Deatherage & Young, for plaintiff.
D. B. Holmes, for defendant.

McPHERSON, District Judge. This is an action at law. Defendant urges, by demurrer to the petition, that the action is barred by the statute of limitations. The petition alleges that the plaintiff, a citizen of Kansas, was the owner of certain shares of stock in a Kansas corporation. Defendant also owned stock in this company, as did many others. All the stockholders, excepting defendant, desired to sell, and defendant claimed he did. All the parties agreed that the defendant might sell their stock, and he was to be compensated thereof by receiving certain stock in the treasury not sold. Plaintiff authorized defendant to sell his stock at $6 a share. March 18, 1893, plaintiff, while in Texas, received a telegram from defendant (who was then in Washington, D. C.) to the effect that defendant could not sell the stock at $6 a share to a Mr. Thompson to whom both plaintiff and defendant expected the stock would be sold, but that defendant could sell the stock to another party for $5 a share. Plaintiff had full confidence in the honesty of defendant, and, believing that was the best defendant could sell the stock for, authorized the sale at $5, and accepted from defendant on account of the sale of the stock $9,650. But plaintiff charges that in truth defendant had, several days prior to the telegram,—in fact, by written agreement,—sold the stock to the same Mr. Thompson for $16,083.33, which, in cash, Mr. Thompson had paid defendant for plaintiff's stock, but all of which defendant concealed from plaintiff. When plaintiff authorized the sale at $5 a share, he did so, but said, "if that is the best you can do." That the petition charges the defendant with an indefensible and unmitigated fraud there can be no doubt; and, if the petition is true, defendant in the year 1893 received more than $6,000 of plaintiff's money over and above that which he accounted for, and over and above which he represented he had received.

Plaintiff alleges that he discovered the fraud thus practiced on him about May 1, 1898, when he for the first time saw and read the contract between defendant and Thompson for the sale of the stock. The petition recites that plaintiff now is, and for many years has been, a resident of Kansas. I infer, and it is only an inference, that he resided in Kansas in 1893. I infer, but that also is an inference, that in 1893 defendant then resided in Kansas. But I do not deem that very important. The corporation in question was a Kansas corporation, with its offices in that state. Therefore the stock of plaintiff, sold by defendant, would have to be transferred on the books in Kansas. Where the contract between defendant and Thompson was made is not alleged. So that, from all the facts made known, I think, and so hold, that the sale by defendant was a Kansas contract; and the silent concealment of the facts by defendant, as well as the falsehood telegraphed by defendant, then in Washington city, to plaintiff, then in Texas, would be covered by the laws of Kansas. If these facts and inferences are not true, I know of no way of applying the law until an answer is filed and the evidence presented.

This suit was brought May 7, 1900. The fraud was discovered about May 1, 1898. The case was therefore brought about two

years after the cause of action accrued. Is it barred? The Kansas statute provides that an action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud. Such actions, grounded on fraud, must be brought within two years. The Missouri statute is five years in such cases. And if this action is fully barred by the laws of Kansas, then by the laws of Missouri it is barred here. And by the laws of the state of Kansas (section 15, c. 95, 2 Gen. St. Kan. 1897) for the time defendant is out of the state the statute does not run against plaintiff. Now the petition recites that for a year preceding the bringing of the suit defendant has been a citizen and resident of Missouri. So that, if the cause of action accrued about May 1, 1898, it is not barred by the laws of either Kansas or Missouri. And, while I am required to judicially notice the laws of all the states and territories of the Union, I have not considered the laws of either the District of Columbia or the state of Texas. But I consider only the laws of Kansas and Missouri. The action is brought and is now pending in Missouri. I believe it to be a Kansas contract, and the parties both resident of Kansas when the fraudulent contract was made, and when by fraud the defendant wronged the plaintiff. Plaintiff alleges that he discovered the fraud May 1, 1898. So that, if the actual discovery of the fraud May 1, 1898, was when the cause of action accrued, then it is not barred under the laws of Missouri, because of the five years' limitation. And it is not barred under the laws of Kansas, with the two years' limitation, because one of the two years defendant was not in the state of Kansas.

But defendant's counsel insists, with earnestness and much force, that plaintiff, by the exercise of diligence shortly after 1893, when the fraud was practiced, could have discovered the fraud, and therefore the action is barred. The case of Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807, is relied on by defendant's counsel. That case, perhaps, is the leading case in the country on the subject. In that case the fraud was practiced by judgments and fraudulent conveyances, all of which were of record in public offices. Such public records were open to the inspection of all persons, and were notice to all persons; and what the supreme court held was that by such records the party wronged was put upon inquiry which, if followed up, would have led to the uncovering of the fraud. But the case we have is no such case as Wood v. Carpenter. In this case defendant for a compensation was to sell plaintiff's corporation stock. He first represented to plaintiff that he believed he could sell the stock to Thompson at $6 a share. Later he informed plaintiff that he could not sell to Thompson at that price, but could to another person for $5 a share. And yet, at that very time, defendant had made the sale to Thompson at $8 a share. It was all done secretly and stealthily. There was no public record to impart notice to plaintiff. Plaintiff had full confidence in defendant's honesty. Defendant lulled him into sleep. There was no apparent reason for plaintiff making investigation.

Upon the face of the petition I do not believe the action is barred, and therefore the demurrer is overruled.