# EWING *v.* STANDARD OIL COMPANY.

---

TRADEMARKS; REGISTRATION; RENEWAL; STATUTES.

1. The permanency of trademark rights under the common law, whereby they were limited only to the period of their use, and ceased only with their abandonment, is preserved by the trademark act of Congress, and registration thereunder amounts only to a record of existing trademark rights; and the object of renewal of certificates of

registration is to make the record as nearly as possible one of actual rights. ·

2. Renewal of a certificate of registration under sec. 12 of the trademark act of Congress of February 20, 1905 (33 Stat. at L. 727, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1464), in no sense confers new rights, but is a correction of the records to the date of renewal by the registrant or owner of the mark, asserting his continual use of it, and therefore title in it.

3. A request for renewal of a certificate of registration of a trademark is not, whether the registration occurred before or after the trademark act of Congress of February 20, 1905 (33 Stat. at L. 727, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1464), to be treated as an original application, or governed by the same procedure, as the procedure is prescribed by sec. 12 of the act, which, declaring that a registration shall remain in force only twenty years, unless renewed, provides that the same may be renewed from time to time for like period "upon payment of the renewal fees," and "upon request" by the registrant or his successors in interest, made not more than six months before the expiration of the period for which the certificate was registered or renewed, and that certificates of registration in force when the act took effect shall be renewed on the same conditions and for the same periods, and when renewed shall have the same effect, as certificates issued under the provisions of the act.

4. When a statute prescribing rules for a department of the government is clear and free from all ambiguity, the letter of it is not to be disregarded in favor of a mere presumption as to what is termed governmental policy, even though it may be the settled practice of the department.  ·

No. 2664.  Submitted May 5, 1914.  Decided May 22, 1914.

HEARING on an appeal by the Commissioner of Patents from a decree of the Supreme Court of the District of Columbia directing him to renew the registration of plaintiff's trademark.                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

. This is a proceeding in equity brought by The Standard Oil ; Company of New York, appellee, plaintiff below, in the su-

preme court of the District of Columbia under the provisions of sec. 4915 of the Revised Statutes of the United States, U. S. Comp. Stat. 1901, p. 3392, to compel Thomas Ewing, the Commissioner of Patents, to renew the registration of plaintiff's trademark "White Rose," applied to refined petroleum, originally registered September 27, 1881. On hearing, a decree was entered ordering the Commissioner of Patents to renew the registration of plaintiff's mark, from which decree the case comes here on appeal.

The request for renewal was made under sec. 12 of the act of Congress of February 20, 1905 (33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1911, p. 1464), known as the trademark act, which reads as follows: "That a certificate of registration shall remain in force for twenty years, except that in the case of trademarks previously registered in a foreign country such certificates shall cease to be in force on the date on which the trademark ceases to be protected in such foreign country, and shall in no case remain in force more than twenty years, unless renewed. Certificates of registration may be from time to time renewed for like periods on payment of the renewal fees required by this act, upon request by the registrant, his legal representatives, or transferees of record in the Patent Office, and such request may be made at any time not more than six months prior to the expiration of the period for which the certificates of registration were issued or renewed. Certificates of registration in force at the date at which this act takes effect shall remain in force for the period for which they were issued, but shall be renewable on the same conditions and for the same periods as certificates issued under the provisions of this act, and when so renewed shall have the same force and effect as certificates issued under this act."

*Mr. Robert F. Whitehead* for the appellant.

*Mr. Archibald Cox, Mr. William Wallace White,* and *Mr. R. W. Byerly* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the ·Court:

The property right in a trademark under our statute is not essentially different from that accorded at common law. The analogy is concisely stated in the opinion of the court below, as follows: "The whole history of the law of trademarks negatives the idea that where a statute has provided for their registration for a definite period, with provision for renewal, we should expect to find in such legislation a requirement that all conditions prerequisite for original registration should be complied with when a renewal is sought. At common law trademarks did not expire by lapse of time. The rights acquired thereby were limited only by the period of their use, and ceased only with their abandonment. When, therefore, legislation required their registration, renewals were made necessary for the sole purpose of negativing their abandonment. And when the fact of a continued user was manifested by the application for renewal, it would seem to be logical that the renewal should issue as a matter of course, without going through the elaborate procedure which was a prerequisite to their original registration." It therefore appears that the right once acquired being perpetual and subject to forfeiture only in case of abandonment, registration amounts only to a record of existing trademark rights, and the object of renewal is to make the record as nearly as possible one of actual rights. Renewal in no sense confers new rights. It is a correction of the record to the date of renewal by the registrant or owner of the mark asserting his · continued use of it, and therefore title in it.

The reasonable interpretation of the trademark act will not sustain the contention of the Commissioner that a request for a renewal is to be treated as an original application. While it is true that a registration under an original application does not confer title to a mark, but only accords it the right of record, the statute in terms defines the procedure essential to secure such registration. The duty of a general investigation of the applicant's title is imposed upon, the Commissioner before granting an original registration. But let it then appear that

anyone has been injured by either an original or a renewal reg-
istration, the right is open to such person by sec. 13 of the act
to apply for a cancelation of the mark, and ample procedure is
provided for testing the rights of the respective parties.

Sec. 6 of the act provides that on filing an application for
registration "the Commissioner of Patents shall cause an ex-
amination thereof to be made." If such examination was con-
templated in the case of a request for renewal, it would seem
that the statute would have so provided. That no such pro-
vision was made warrants the conclusion that no examination
was intended. If the same procedure is open to the Commis-
sioner in case of renewal as in original registrations, Congress
must be imputed with having done a vain thing in the enact-
ment of sec. 12, since renewal could as well be accomplished by
an original application for re-registration. "It is the duty of the
court to give effect, if possible, to every clause and word of a
statute." *Montclair Twp.* v. *Ramsdell,* 107 U. S. 147, 152, 27
L. ed. 431, 432, 2 Sup. Ct. Rep. 391.

But will sec. 12, considered alone, bear the construction sought
to be placed upon it by the Commissioner? It will be observed
that the twenty-year limitation upon the period of registration
and the right of renewal are coupled in the same section of the
act. It does not provide that the rights acquired under the
original registration shall terminate at the end of twenty years,
but it provides that the certificate "shall in no case remain in
force more than twenty years, unless renewed." This is equiva-
lent, we think, to a declaration that the rights under the orig-
inal certificate may be perpetuated by request for renewal, and
such request shall be accepted as prima facie evidence that the
mark has not been abandoned. In other words, it is intended
that the rights originally acquired shall continue, and not that
new rights shall be granted at the end of twenty years as the
result of an investigation by the Commissioner.

But the act specifically provides procedure for renewal.
"Certificates of registration may be from time to time re-
newed for like periods on payment of the renewal fees required
by this act, upon request by the registrant, his legal representa-

tives, or transferees of record in the Patent Office, and such request may be made at any time not more than six months prior to the expiration of the period for which the certificates of registration were issued or renewed." It then provides, as clearly as language can express, that certificates in force at the date of the passage of the act may be renewed by the same procedure. We are unable to make any distinction in the matter of renewal between certificates in force prior to the enactment of the statute and those issued subsequent thereto. The course of procedure as to both is clear. "Where a statute, as in this case, is clear and free from all ambiguity, we think the letter of it is not to be disregarded in favor of a mere presumption as to what is termed the policy of the government, even though it may be the settled practice of the department." *St. Paul, M. & M. R. Co.* v. *Phelps,* 137 U. S. 528, 34 L. ed. 767, 11 Sup. Ct. Rep. 168.

As admitted by the pleadings, in most foreign countries, as in this, continuous registration at home is essential to protect rights acquired under a foreign registration. An application for renewal cannot be filed until within six months of the expiration of the twenty-year period. Hence, adopting the contention of the Commissioner, the procedure may well become so involved as to create a lapse of time which would forfeit the applicant's rights under his foreign registration, and render the mark subject to appropriation there. It cannot be that such was the intention of Congress, nor will the act reasonably admit of such an interpretation.

The decree is affirmed. *Affirmed.*