LORD & TAYLOR *v.* UNITED STATES (No. 4123)[1]

United States Court of Customs and Patent Appeals, June 27, 1938

*Puckhafer & Rode* (*John D. Rode* of counsel) for appellant.

*Joseph R. Jackson,* Assistant Attorney General (*Charles D. Lawrence,* Acting Assistant Attorney General, and *Marcus Higginbotham, Jr.,* of counsel) for the United States.

[1] C. A. D. 9

152

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court: [2]

The issue here involved, as finally presented to this court, is comparatively simple, being confined to the sufficiency of the notice given by the United States Tariff Commission preliminary to its investigation, in 1931–2, by direction of a United States Senate resolution, relative to certain merchandise classifiable under paragraph 1114(d) of the Tariff Act of 1930. The importation at issue was made in August 1932.

Following the investigation there was a proclamation by the President of the United States, issued June 11, 1932, under section 336— the so-called flexible provision—of the tariff act, increasing the duties upon certain infants' outerwear. The merchandise involved, being within the class upon which the increased duties had been proclaimed, was assessed with such increased duties, and the importer protested. The protest was overruled by the United States Customs Court, First Division. Only two of the judges of that division participated. The leading opinion was by Judge Brown, Presiding Judge McClelland concurring in the conclusion. From the judgment of the lower court, appeal was taken here.

Paragraph 1114(d) of the Tariff Act of 1930 reads:

(d) *Outerwear* and articles of all kinds, knit or crocheted, finished or unfinished, wholly or in chief value *of wool*, and not specially provided for, valued at not more than $2 per pound, 44 cents per pound and 45 per centum ad valorem; valued at more than $2 per pound, 50 cents. per pound and 50 per centum ad valorem. [Italics ours.]

On July 21, 1930, the Senate passed Resolution 325 (73 Cong. Rec. 358), authorizing and directing the Tariff Commission to make an investigation with reference to the differences in the cost of production—

of the following domestic articles and of any like or similar foreign articles: Infants' wear classified under paragraph 1114 (d) of such act * * *.

The proclamation of the President, published as T. D. 45756, 61 Treas. Dec. 1291, 1292, which was conventional in form, approved—

An increase in the rates of duty expressly fixed in paragraph 1114 (d) of Title I of said act on *infants' outerwear*, knit or crocheted, finished or unfinished, wholly or in chief value *of wool*, and not specially provided for, valued at more than $2 per pound, from 50 cents per pound and 50 per centum ad valorem to 50 cents. per pound and 75 per centum ad valorem. [Italics ours.]

The protest is leveled at such duties as were assessed and collected in excess of 44 cents per pound and 45 per centum ad valorem or 50 cents per pound and 50 per centum ad valorem—rates fixed in the paragraph of the act as it passed in 1930.

---

[2] JACKSON, Judge, took no part in the consideration or decision of this case.

The protest reads, in part:

Said merchandise is not dutiable as assessed. It is properly dutiable at only 44¢ per pound and 45% or 50¢ per pound and 50% under Par. 1114 (d), or at 50¢ per pound and 25% under Par. 1114 (d), as amended by T. D. 45756.

It is further claimed that the Presidential Proclamation of June 11, 1932, T. D. 45756 was *ultra vires*, illegal and void; it being the contention that in determining and proclaiming the increased rates the action of the President and the action of the Tariff Commission was illegal, *ultra vires* and void for the reason that the Commission proceeded upon a wrong principle, and both the action of the President and the action of the Tariff Commission was *ultra vires*, illegal and void.

It is further claimed that the hearing before the Tariff Commission was illegal' and insufficient and any report to the President by the Tariff Commission based upon such hearing was insufficient, illegal and void. It is further claimed that the action of the President and the Tariff Commission is in excess of power and void.

It is further claimed that Section 336 as enacted is unconstitutional.

The allegation as to the unconstitutionality of section 336 was not pressed before the trial court. Neither is it suggested in the assignments of error on appeal here, nor is it argued. So, it requires no consideration by us, but it may be remarked that the constitutionality of section 315 of the Tariff Act of 1922, prototype of section 336, was sustained in the case of *Hampton, Jr., & Co. v. United States*, 14 Ct. Cust. Appls. 350, T. D. 42030, affirmed by the Supreme Court of the United States, 276 U. S. 394, and the constitutionality of the 1930 provision was sustained by us in the case of *United States v. Sears, Roebuck & Co.*, 20 C. C. P. A. (Customs) 295, T. D. 46086.

The notice which was issued by the Tariff Commission reads:

*Investigation No. 31 by the United States Tariff. Commission for the Purposes of Section 336 of the Tariff Act of 1930*

INFANTS' WEAR OF WOOL

Notice is hereby given, pursuant to section 336 of the tariff act of 1930, that a public hearing in the foregoing investigation will be held at the office of the United States Tariff Commission in Washington, D. C., at 10 o'clock a. m. on the 29th day of January, 1931, at which time and place all parties interested will be given opportunity to be present, to produce evidence, and to be heard with regard to the differences in costs of production of and all other facts and conditions enumerated in section 336 of the tariff act of 1930 *with respect to the following articles included within the class or kind of articles provided for in paragraphs 1114 (d) and 1529 (a) of Title I of said tariff act, namely, infants' wear, knit or crocheted, finished or unfinished, wholly or in chief value of wool.* [Italics ours.]

This notice shall be published by posting a copy thereof for 30 days prior to said 29th day of January, 1931, at the principal office of the commission in the city of Washington, D. C., and at the office of the commission at the port of New York, and by publishing a copy thereof prior to said date once each week for two successive weeks in "Treasury Decisions," published by the Department of the Treasury, and in "Commerce Reports," published by the Department of Commerce.

By order of the United States Tariff Commission this 23rd day of December, 1930.

SIDNEY MORGAN,
Secretary.

It will be observed that the notice limited the investigation to "infants' wear, knit or crocheted, finished or unfinished, wholly or in chief value of wool," and, by reference to paragraph 1114 (d), *supra*, it will be seen that the word "infants'" does not appear therein. The notice gave no definition of the term "infants'," nor was it defined in the President's proclamation.

In the case of *United States* v. *Best & Co., Inc., Bonwit Teller & Co.*, 24 C. C. P. A. (Customs) 220, T. D. 48667, the question presented was: What was the intended meaning of the term "infants' outerwear" as used in the proclamation of the President which changed the rate of duty. We found that the proclamation made use of a word the meaning of which was so indefinite and uncertain as to promote confusion and ambiguity. In arriving at the meaning of the term "infants'" as it appeared in the proclamation we took into consideration some of the dictionary definitions thereof which were broad enough to include children between the ages of two and six, inclusive, as well as certain extrinsic facts including the definite statement in the report of the Tariff Commission to the President that the investigation covered outerwear for "infants 6 years of age and under."

The gist of appellant's contention in the instant case is that the common meaning of "infants" would not include persons above two years of age, and since the notice was limited to outerwear for infants, with no definition of the term which would place interested parties on notice that an investigation would be made respecting outerwear suitable for use by those more than two years of age, it was not sufficient to meet the provision of section 336, reading:

In the course of the investigation the commission shall hold hearings and give reasonable public notice thereof, and shall afford reasonable opportunity for parties interested to be present, to produce evidence, and to be heard at such hearings.

Appellant cites numerous cases in which this court held the foregoing provision to be mandatory. The case principally relied upon by appellant is that of *Carl Zeiss, Inc.* v. *United States*, 23 C. C. P. A. (Customs) 7, T. D. 47654, and it is pointed out that we there held the question of the sufficiency of a notice to meet the requirements of section 336 as to "reasonableness" to be, as epitomized in appellant's brief, "a justiciable issue for the Court to determine, since it is one of the fundamental jurisdictional bases which must be observed by the Tariff Commission."

In that case, as here, it was shown that the Tariff Commission made an investigation, in compliance with a Senate resolution directing same, after giving notice thereof, but it was there found that "its investigation was not confined to the matters contained in its public notice." We found that the investigation extended to a class of merchandise of which the notice made no mention, and that the there-involved

merchandise was in the unmentioned class. In consequence, we held the notice insufficient to meet the statutory requirement as to the merchandise so involved, and declared the proclamation, so far as it applied to such merchandise, "without authority of law, illegal and void."

Appellant urges that the rule there followed is here applicable.

In appellant's brief the issue is stated as follows:

At the outset it should be borne in mind that it is not disputed by appellant that the Tariff Commission definitely intended the word "infant" to include a child up to the age of six years. But appellant strenuously argues that the "intent" of the Tariff Commission is utterly immaterial to the issue in the case at bar. In the instant case, the issue is not *what was intended* by the Tariff Commission but rather *was the notice sufficient to show that intent.* In the case of *Carl Zeiss, Inc.* v. *United States, ubi supra*, this Court held that even though the Tariff Commission intended to cover optical instruments *suitable to be used* by the Army and Navy, their intent could not be carried out because publication of a notice covering optical instruments of a class *used by* the Army and Navy was not sufficient within the spirit and intent of Section 336. This Court had no difficulty in defeating the obvious intent of the Tariff Commission where that intent was contrary to the mandatory requirements of reasonable public notice.

To state the matter in another way, the issue in the case at bar is not what the Tariff Commission or the President intended to include in the words "infants' outerwear" but rather "Are those words reasonable notice if they are subsequently applied to outerwear for children between the ages of two and six years inclusive?"

We quote the following dictionary definitions of "infant," some of which were quoted in the *Best & Co.* case, *supra:*

1. The Century Dictionary and Cyclopedia, Vol. V, page 3078:
infant [L. infan (t–) s, a child that cannot yet speak, an infant] I. n. 1. A child during the earliest period of its life; a young child.

2. The Encyclopaedia Britannica (Eleventh Edition), Vol. XIV, pages 513, *et seq.*:
infancy, in medical practice, the nursing age, or the period during which the child is at the breast.
infant, a child; in non-legal use, a very young child, a baby, or one of an age suitable to be taught in an "infant school."

3. The Oxford Dictionary, Vol. 5, Part II, page 251:
infant 1. A child during the earliest period of life (or still unborn); now most usually applied to a child in arms, a babe; but often extended to include any child under seven years of age * * *.

4. Webster's New International Dictionary, page 1103:
infant [L. *infans; in-* not + *fari* to speak * * *] 1. A child in the first period of life; a babe; sometimes a child several years of age.

5. Standard Dictionary of the English Language, Vol. 1, page 921:
infant n. 1. A child during the first or earliest stage of life; a babe.

Appellant in the last paragraph above quoted from its brief has correctly stated the issue to be decided in the case at bar. The question presented is: Under all the facts and circumstances presented here, to which reference has been hereinbefore made, was the notice given by the Tariff Commission sufficient reasonably to afford appellant opportunity to appear for the purposes intended by the statute?

In our opinion, the instant case is not on all fours with the case of *Carl Zeiss, Inc.* v. *United States, supra,* relied upon by appellant. The issue in that case is clearly distinguishable from the issue in the instant case. It was held in the *Zeiss* case, *supra,* that there was no term "used" sufficient to apprise the interested party that the hearing would involve the merchandise in which he was interested. In that case it was said:

*Although, of course, the description of merchandise, concerning which an investigation is to be had, need not be as precise as may be required in some legal actions, the commission is certainly required to be sufficiently definite in its notices of its hearings as to fairly, adequately, and reasonably acquaint interested parties with the purpose and scope of its investigations;* otherwise, the statute would be circumvented, and, as a consequence, importers, American industries, and the general public might be deprived of their statutory rights. [Italics new here.]

Obviously, the publication of a notice of an investigation of optical instruments of a class or type *used by* the Army, Navy, or their respective Air Forces, does not suggest to interested parties the holding of an investigation relative to optical instruments *suitable to be used by* such armed forces. Many articles might be included in an investigation of optical instruments *suitable for use,* which would not be included in an investigation of optical instruments of a class or type *used by* the Army, Navy, or their respective Air Forces. [Italics quoted.]

We think that under all the circumstances of this case and for reasons that follow, appellant's attack on the validity of the notice is without merit. In the first place, the Senate Resolution, of which appellant is presumed to have had notice, provided that the investigation which it authorized and directed was to cover the differences in the cost of production of—

the following domestic articles and of any like or similar foreign articles: Infants' wear classified under paragraph 1114 (d) of such act * * *.

Paragraph 1114 (d) includes all kinds of outerwear, if knitted or crocheted, in chief value of wool, not specially provided for, of certain values. The notice of the Tariff Commission was no less specific than the Senate resolution. It notified interested parties that the articles to be investigated were—

included within the class or kind of articles provided for in paragraphs 1114 (d) and 1529 (a) of Title I of said tariff act, namely, infants' wear, knit or crocheted, finished or unfinished, wholly or in chief value of wool.

It would seem to us that a notice given under the circumstances hereinbefore related should be held sufficient to advise those interested that a hearing concerning merchandise, such as that at bar, was to be held on the date specified. The law is well settled that a notice, relating to proceedings such as are here under consideration, if sufficient "to excite attention and put the party on his guard and call for inquiry, is notice of everything to which such inquiry might have led." It follows that when "a person has sufficient information to lead him to a fact, he shall be deemed conversant of it." *United States Trust Co.* v. *David,* 36 App. D. C. 549; *Wood* v. *Carpenter,* 101

U. S. 135. See also *Shauer* v. *Alterton*, 151 U. S. 607, where substantially the foregoing rule was announced under somewhat different circumstances. Also see *Tagg Bros. et al.* v. *United States et al.*, 280 U. S. 420.

Those interested had notice that the Tariff Commission had been directed to investigate infants' outerwear and that the Tariff Commission by its notice proposed to investigate concerning infants' outerwear. Appellant imported outerwear for infants up to and including six years of age. The lexicographers could have informed appellant that the term "infant" sometimes, in its common acceptance, meant children as old as six years and that the term "infant" in its legal aspect had a much broader meaning than the quoted dictionary definitions would suggest. Surely these facts were sufficient to have put appellant upon inquiry. Under these circumstances, it cannot ignore the notice and later avoid the effect of the same by relying upon certain meanings of the term given by some authorities which differ from the meaning found in others.

It is stated in the Government's brief that certain importers and numerous American manufacturers of infants' outerwear such as is here in controversy appeared at the hearing and agreed that the investigation encompassed outerwear for children from birth to six years of age, inclusive, and that this is indicative that the notice was sufficient. The fact that persons, in a situation similar to that of appellant, actually appeared, in our judgment is not to be accepted as showing that the notice was sufficient as applied to appellant. Their appearance might have been brought about from information received from sources other than that of the notice. At any rate, our conclusion herein reached is based in no part upon the foregoing suggestion by the Government.

The judgment of the United States Customs Court is *affirmed*.