333 P.2d 628

**UNIVERSAL C.I.T. CORPORATION,**
**Plaintiff and Appellant,**

v.

**COURTESY MOTORS, Inc., Defendant**
**and Respondent.**

**No. 8877.**

Supreme Court of Utah.

Jan. 2, 1959.

George E. Bridwell, Salt Lake City, for appellant.

McKay & Burton, Macoy A. McMurray, Salt Lake City, for respondent.

WADE, Justice.

This is an appeal by Universal C. I. T. Corporation, appellant herein and plaintiff below, from a directed verdict in favor of the Courtesy Motors, Inc. in an action appellant brought against Courtesy for conversion of appellant's equitable interest in an automobile.

The facts are not in dispute. The automobile in question was purchased by one Dick Channel on November 27, 1956, from the Goffe Motor Company in Pueblo, Colorado, at which time he gave a check for $853.85 as down payment and executed a chattel mortgage for the sum of $2,763.36 for the balance due. The Goffe Motor Company thereupon executed and delivered to Mr. Channel a bill of sale for this car. Mr. Channel received the car about December 1, 1956. The chattel mortgage was assigned by the Goffe Motor Company to appellant shortly after its execution and before December 7, 1956, when the Goffe Motor Company learned that Mr. Channel had absconded and left town with the mortgaged car. After receiving this information the Goffe Motor Company caused the mortgage to be recorded in the office of the County Recorder for Pueblo County, Colorado. It is not claimed that under the Colorado statutes this recordation was effective for giving constructive notice.

Mr. Channel sold the car to respondent on December 29, 1956, at which time Mr. Channel showed the top part of his bill of sale from the Goffe Motor Company with the bottom part cut off. A cursory glance at the bill of sale would make it apparent that something had been cut from it as a glance at the bottom of the instrument would show that it was incomplete. A reading of the printed matter left in the bill of sale would have informed anyone interested that liens or encumbrances, if any, would be shown on the reverse side. A perusal of the reverse side of this particular bill of sale would reveal no place where liens or encumbrances could be shown and would therefore warn anyone looking at it that the place where liens or encumbrances should be shown had been removed. Such facts are sufficient to put any reasonably prudent person on notice that something was missing from the bill of sale and inquiries for the reasons therefore should be made. The further fact the respondent is a dealer in automobiles with experience in buying and selling vehicles would make it unreasonable for it not to have noted the mutilation of the bill of sale and to make inquiries as a result of such notice [1] from the prior owner whose name

1. 39 Am.Jur. page 238, Sec. 12.

appeared on the bill of sale. As stated by this court in McGarry v. Thompson, 114 Utah 442, 201 P.2d 288, at page 293 in requoting with approval from Wood v. Carpenter, 101 U.S. 135 at page 141, 25 L.Ed. 807:

" 'Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it.' "

We therefore hold that as a matter of law respondent had such notice as should have put it on inquiry and that it was not a bona fide purchaser for value.

 However, even if we were to hold that under the facts disclosed in the record that whether respondent had such notice as to put it on inquiry was a question of fact to be determined by a jury, nevertheless the evidence is clear that respondent had actual knowledge of appellant's claimed lien before it sold the car to a third person and it was also stipulated and agreed at the trial that before such sale was made to the third person respondent was requested to return the car to appellant. The evidence further showed that respondent had actual knowledge of appellant's lien about January 7, 1957, yet on January 23, 1957, and before it sold the car to a third person respondent caused a Utah certificate of title to be issued to it and in this certificate of title in the place provided for liens to be shown therein was typed the word "None." Such actions clearly constitute a conversion of appellant's interest in the car. As stated in 7A Blashfield's Cyclopedia of Automobile Law & Practice, Per.Ed. page 63, Sec. 4723:

"The sale of a mortgaged motor vehicle, at a time when there is an unpaid balance on the mortgage debt, is a conversion of the mortgagee's interest in the vehicle."

See also Miller v. Manhattan Fire & Marine Ins. Co., 76 Utah 540, 290 P. 937, wherein this court held that the refusal to surrender the car upon request was an act of dominion amounting to a conversion of the mortgagee's interest within the terms of a policy issued to protect against embezzlement or conversion of such mortgagee's interest.

Reversed. Costs to appellant.

McDONOUGH, C. J., and CROCKETT and HENRIOD, JJ., concur.

WORTHEN, J., concurs in the result.