**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE 150, etc., | No. 10-36126 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00691-PK |
| v. | MEMORANDUM * |
| THE ARCHDIOCESE OF PORTLAND IN OREGON, et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak, Magistrate Judge, Presiding

Argued and Submitted February 7, 2012
Seattle, Washington

Before: GOULD, SCHROEDER, Circuit Judges, and BEISTLINE,** Chief District
Judge.

The undisputed facts of this case and the procedural history are known to the

parties. Appellant, John Doe 150, appeals the United States District Court for the

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Ralph R. Beistline, Chief United States District Judge for
the District of Alaska, sitting by designation.

1

District of Oregon's decision that, as a matter of law, delayed discovery of the causal connection between Doe's known sexual abuse at the hands of a priest and the consequent harm to Doe was unreasonable. Doe claims that the district court committed two errors when it granted summary judgment in favor of Appellee, the Archdiocese of Portland in Oregon. Doe argues that the district court: (1) usurped the role of the jury in determining the reasonableness of Doe's delayed discovery as a question of law; and (2) ignored the compelling testimony of Doe's expert concerning whether the nature of Doe's harm might reasonably have masked the causal connection between his childhood abuse and the consequent harm. The district court found that no trier of fact could conclude that it was reasonable for Doe to fail to discover the causal connection between the abuse he suffered and his consequent harm prior to the bankruptcy court's claims bar date of April 29, 2005, or prior to the applicable Oregon statute of limitations deadline of June 6, 2003. We affirm the lower court's decision.

**Standard of Review**

We review de novo a district court's grant of summary judgment. Davis v. Las Vegas, 478 F.3d 1048, 1053 (9th Cir. 2007). The parties argue that we should use a clear error standard of review. The clear error standard applies to the mixed question of law and fact of whether a person should have discovered the existence and cause of their injuries. Colleen v. United States, 843 F.2d 329, 331 (9th Cir.

2

1987). That case was an appeal from the district court's ruling on the merits, not an appeal from the grant of summary judgment. We decline to depart from our well-established precedent that we review a district court's grant of summary judgment de novo. Under the de novo standard, a reviewing "'court should make an independent determination of the issues' and should 'not . . . give any special weight to the [prior] determination of'" a lower court. United States v. Raddatz, 447 U.S. 667, 690 (1980) (quoting United States v. First City Nat'l Bank of Houston, 386 U.S. 361, 368 (1967)).

## Discussion

Doe alleges that he did not perceive that any harm had occurred as a result of the sexual abuse "until late 2007 at the earliest." The district court disagreed and found, as a matter of law, that upon the occurrence of any of several specific "events, a reasonable person of ordinary prudence who was aware that he had suffered childhood sex abuse at . . . [the priest's] hands . . . would necessarily have been aware of the 'substantial possibility' that . . . [Doe's] claim might lie." The district court concluded that under the reasonable person standard, as it is applied through the Oregon discovery rule under ORS 12.117(1), Doe failed to refute the Archdiocese's proof that there was no triable issue for a jury. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). Consequently, the district court found that Doe had failed to meet the requirements

of a future claimant and that his claim was barred by the Oregon statute of limitations. The district court's findings are correct.

A court can determine reasonableness as a matter of law based on its finding that "the only conclusion a reasonable jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." T.R. v. Boy Scouts of Am., 181 P.3d 758, 765 (Or. 2008). At the outset of its analysis, the district court emphasized that in late 2007 or early 2008, Doe suddenly had an epiphany in his dining room that the abuse, which Doe never forgot or repressed, had harmed him, and that Doe was neither able to explain how he came to have such an epiphany nor why he did not have such revelation sooner. See Wood v. Carpenter, 101 U.S. 135, 140-41 (1879).

Additionally, the three events relied upon by the district court, in addition to the numerous other instances of notice in the record, would lead a reasonably prudent person in circumstances similar to Doe to know of, or at least discover through inquiry, a substantial possibility that the known abuse led to his suffered harm prior to June 6, 2003, or April 29, 2005. Specifically, in 2001, Doe's older brother had gone through a situation practically identical to that of Doe, had sued and won, and had even asked Doe if he were going to file a claim. The district court also relied on the facts that Doe received actual written notice of a potential claim against the Archdiocese, that he understood that he might have such claim,

4

and that, at the time, he chose not to pursue the claim. Such evidence supports the district court's conclusions with which we agree.

Doe's explanation that he did not conduct an investigation into the causal connection between his abuse and suffered harm because of "profound psychological barriers to the normal introspection and self-assessment that would have allowed Plaintiff [Doe] to recognize such injury" is unpersuasive. The record is replete with facts that would have not only caused a reasonable person in Doe's circumstances to investigate further, but would have caused Doe, if he would have inquired to any degree, to discover that he did in fact have a claim against the Archdiocese.

Despite the objective evidence concerning Doe's perceived inability to recognize the causal connection between his abuse and subsequent harm, and in light of the numerous events that occurred in Doe's life before the bar date in conjunction with the fact that there is no reason in the record as to how or why Doe's sudden realization occurred, Doe fails to show that there is a "proper" question for the trier of fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

## Conclusion

Appellant's arguments fail. The decision of the lower court is **AFFIRMED.**