PER CURIAM.
INTRODUCTION
This Court must determine whether the Trial Court appropriately exercised its discretion when it dismissed the appellant’s administrative appeal. The appellant had failed to file a timely initial brief as required by a scheduling order directive, which corresponded with a procedura. rule. The Trial Court opted to dismiss the action on these bases alone. We reverse the lower court decision due to its rigid application of a discretionary rule.
APPELLATE HISTORY
On March 3, 2011, the appellant, Alvane King, by and through Attorney James C. Ritland, filed a timely Notice of Appeal of the Trial Court’s final decision. See HCA R.App. P. 7(b)(1), 11(a), available at http:// www.ho-chunknation.com/7PageId=123. This Court issued a Scheduling Order or March 21, 2011, in which we accepted the appeal and established briefing deadlines id., Rule 12. The appellant filed her brie! in support of appeal on April 14, 2011, and the appellees, by and through Attorney Heidi A. Drobnick, filed the responsive brief on May 16, 2011. The Ho-Chunk Nation Grievance Review Board (hereinafter Board), by and through Attorney William F. Gardner, filed a responsive brief on May 16, 2011,[1] and this Court subsequently scheduled oral argument. Id., Rule 15(a). We convened oral argument on June 25,2011, at 10:00 a.m. CDT.
FACTUAL BACKGROUND
The appellant filed an administrative grievance on December 23, 2009, culminating in a denial of the grievance by the Board. Appellees’ Br., SU 11-01 (May 16. 2011) at 1; HCN Grievance Filing Form, 010.10DT (Dec. 23, 2009). Thereafter, the appellant, proceeding pro se, filed a Petition for Administrative Review with the Trial Court on June 15, 2010. Dismissal Order at 9. The Trial Court issued a scheduling order on June 16, 2011, and sent the order to the appellant by regular *397 mail at her address of record. Id. The appellant contended that she did not receive the scheduling order, but the Trial Court nonetheless dismissed the suit due to the appellant’s failure to comply with a briefing deadline. Id. at 10.
DECISION
This Court has acknowledged the Trial Court’s authority to dismiss an action upon a party request in certain enumerated instances, only two (2) of which are relevant here. First, “[a] Motion to Dismiss may be granted ... if a party substantially fails to comply with the[ ] rules....” HCN RCiv. P. 56(B). Second, “[a] Motion to Dismiss may be granted ... if a party substantially fails to comply with an order....” Id. Furthermore, this Court has clearly expressed that “[a] Motion to Dismiss will be granted at the discretion of the [Trial] Court.”[2] Id. (emphasis added).
However, the procedural rule specifically governing GRB appeals, entitled “Judicial Review of Administrative Adjudication,” does not identify the consequence of failing to file an initial brief. HCN R.Civ. P. 63. Undoubtedly, a petitioner has an affirmative obligation to file an initial brief, but the rule nowhere mentions dismissal as an available, or presumptively initial, sanction. Id., Rule 63(E). The Trial Court, therefore, resorts to the earlier general rule to address instances of non-filing.
The procedural rules exist to perform a dual function: “to secure a just and speedy determination of every action.” Id., Rule 2. The Trial Court must attempt to strike the proper balance between justice and efficiency, but the scale must certainly tip toward assuring just results. Delayed adjudication deprives litigants of justice, or at least a measure thereof, at some stage, but a court should not dispense justice by dispensing with cases in a rash manner. A court must remain deliberate in its approach to justice. An expedited judicial result is not a virtue in and of itself.
The Trial Court must ensure compliance with judicial process, but several methods exist to accomplish this end. This Court must decide whether the Trial Court chose the appropriate method in this instance. In doing so, we must refrain from simply imposing our decision after the fact. As stated above, the Trial Court possessed discretion to address the appellant’s violation. We must accordingly determine whether the Trial Court committed an abuse of discretion.
This Court previously posed a definition of abuse of discretion, namely “ ‘any unreasonable, unconscionable and arbitrary action taken without proper consideration of facts and law pertaining to the matter submitted.’ ” Daniel Youngthunder, Sr. v. Jonette Pettibone et al., SU 00-05 (HCN S.Ct., July 28, 2000) at 2 (quoting Black’s *398 Law Dictionary 11 (6th ed. 1990)).[3] The adoption of this abstract definition has proven somewhat problematic since it seems to articulate a hyper-deferential approach, but, in practice, we have not always afforded such a high degree of deference. Despite occasional reversals on the grounds of an abuse of discretion, we have seldom, if ever, encountered an unconscionable action of a judge as commonly understood.
The reversals have nonetheless been warranted. “ ‘Abuse of discretion’ may have different meanings in different contexts; the deference given a particular decision depends upon ‘the reason why that category or type of decision is committed to the trial court’s discretion in the first instance.’ ” Gasperini v. Ctr. for Humanities, Inc., 149 F.3d 137, 141 (2d Cir.1998) (quoting Henry J. Friendly, Indiscretion about Discretion, 31 Emory L.J. 747, 764 (1982)). In relation to involuntary dismissals, this Court has conferred discretion upon the Trial Court because it expects the lower tribunal to consider and balance several factors in any dismissal decision. For example, the Trial Court may assess the following: 1) actual versus constructive receipt of notice,[4] 2) credibility of preferred excuse(s), 3) clarity of judicial directive(s), 4) exhaustion of lesser sanctions, 5) degree of prejudice to the parties, and 6) history of dilatory or contumacious conduct. See, e.g., Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir. 1990); Citizens Utilities Co. v. American Tel. & Tel. Co., 595 F.2d 1171, 1174 (9th Cir.1979). If the Trial Court instead insists on mechanically applying Rule 56(B), then its characterization as a deferential matter would seem misplaced.
The seminal federal case concerning dismissals for failure to prosecute sets forth the rationale for the harshest of sanctions. “The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.” Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In the tribal context and this case in particular, each ground is largely, if not completely, absent.
Even in the federal arena, this sanction is sparingly and carefully employed, especially as an initial response.
A district court unquestionably has authority to grant a motion to dismiss for want of prosecution. Indeed, as the Supreme Court held in Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the trial court can take such action on its own motion. But courts interpreting the rule uniformly hold that it cannot be automatically or mechanically applied. Against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits. Consequently, dismissal “must be tempered by a careful exercise of judicial discretion.” Durgin v. Gra *399 ham, 372 F.2d 130, 131 (5th Cir.1967). While the propriety of dismissal ultimately turns on the facts of each case, criteria for judging whether the discretion of the trial court has been soundly exercised have been stated frequently....
Indeed, it has been observed that “the decided cases, while noting that dismissal is a discretionary matter, have generally permitted it only in the face of a clear record of delay or contumacious conduct by the plaintiff.” Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967). Appellate courts frequently have found abuse of discretion when trial courts failed to apply sanctions less severe than dismissal. See, e.g., Rickman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir.1971); Flaksa v. Little River Marine Constr. Co., 389 F.2d 885, 887 (5th Cir.1968); Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 148 (3d Cir.1968). And generally lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion.
Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir.1974) (citing Pearson v. Dennison, 353 F.2d 24, 28 (9th Cir.1965)) (internal citations omitted). This Court now counsels the Trial Court to follow a similar approach.
We realize that the Trial Court expressed the potential ramification for a failure to adhere to the briefing schedule. The scheduling order, however, accurately phrased such potentiality in discretionary language. Scheduling Order, CV 10-53 (HCN Tr. Ct., June 16, 2010) at 1 (“The parties must strictly comply with the below deadlines since a failure to do so may result in adverse consequences, including, but not limited to, sanctions and/or dismissal”). The Trial Court should have taken additional affirmative steps prior to dismissing the appellant’s case.
The Seventh Circuit Court of Appeals instructively commented upon the effectiveness of a judicial warning.
[Bjecause the standard for dismissing a case for failure to prosecute ... is ... unclear, the judge should not dismiss a case on this ground without due warning to the plaintiff! ] ■ •.. ‘Due warning’ need not be repeated warnings and need not be formalized in a rule to show cause.... But there should be an explicit warning in every case.... A ... judge’s standing order that merely repeats, what is anyway well known, that dismissal for failure to prosecute is a, possible sanction for failing to comply with the schedule set by the court is too general It is little better than the statement of a truism....
[T]he question is not what is required by due process. It is what is proper to channel the ... judge’s exercise of discretion. Reversal is not warranted if ... it is plain that the plaintiff! ] ... knew that he [or she] faced dismissal of his [or her] case. But to obviate any question, ... judges would be well advised to give ... an express warning before dismissing a case for failure to prosecute. The issuance of a single warning does not entail significant delay and should not be a burden to the judge or to the opposing party.... The judge is not required to impose graduated sanctions—what in labor relations is termed ‘progressive discipline’—before dismissing a case for failure to prosecute.... [Yet,] countless cases say that the ... judge should consider the efficacy of a less severe sanction before dismissing a suit for failure to prosecute.
*400 Ball v. City of Chicago, 2 F.3d 752, 755-56, 758 (7th Cir.1993) (emphasis added and citations omitted).
Based upon the foregoing, this Court reverses the Trial Court opinion as an abuse of discretion. The Trial Court mechanically applied a procedural rule that instead presumes a consideration of several factors. The Trial Court essentially issued a determination without first exercising any discernible amount of discretion. This Court shall hereafter require, at a minimum, that the Trial Court adhere to a practice of providing due warning of any intended dismissals for failure to prosecute. The Trial Court shall examine further relevant factors as reasonable under the circumstances. We remand this case to the Trial Court to proceed with the briefing phase, and accordingly express no comment on the merits of the underlying dispute.
REVERSED AND REMANDED
EGI HESKEKJET.

. The Trial Court granted the appellees’ motion to effectively remove the Board as a party defendant. The appellant did not contest the motion, and similarly omitted any mention of the matter within the appeal. Order (Re-Cap tioning Case & Granting Dismissal), CV 10 53 (HCN Tr. Ct., Jan. 5, 2011) (hereinafter Dismissal Order) at 12.

. As expressed by the Ninth Circuit Court of Appeals:
''[D]iscretion'' is defined as: "The power exercised by courts to determine questions to which no strict rule of law is applicable but which, from their nature, and the circumstances of the case, are controlled by the personal judgment of the court." Bou vier’s Law Dictionary 884 (8th ed. 1914). Judicial action—discretionary in that sense—is said to be final and cannot be set aside on appeal except when there is an abuse of discretion.
Delno v. Market St. Ry. Co., 124 F.2d 965, 967 (9th Cir.1942). This Court references external case law as persuasive, not binding, authority, and in an attempt to demonstrate a consistent approach to basic legal principles. “[Ojnly decisions by this [Cjourt are limitations on the Trial Court.” Jacob LoneTree et al. v. Robert Funmaker, Jr. et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 4.

. Regrettably, we initially applied the deferential standard to address questions of law. Id.; see also Hope B. Smith v. Ho-Chunk Nation et al., SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 5 n. 3 (commenting on the jurisprudential transformation of standards of appellate review, culminating in the usage of de novo review).

. We recognize that the Trial Court may “perform all written communications through regular mail” following "first successful service of process.” HCN R.Civ. P. 5(C)(3). Yet, an administrative appeal does not begin with the issuance of summons. Compare id., Rule 5(A)(2), with id., Rule 63(C). The scheduling order is usually the first official correspondence from the Trial Court to the parties as occurred here. Dismissal Order at 2, 9. Re-; gardless, constructive receipt of notice should not automatically serve as the sole justification for dismissal.