*434 DECISION
INTRODUCTION
This Court must determine whether the Trial Court appropriately dismissed the appellant’s suit. The Trial Court determined that it could not adjudicate the appellant’s cause(s) of action since she untimely filed her appeal. This Court agrees and accordingly affirms the lower court decision.
APPELLATE HISTORY
On May 29, 2012, the appellant, Jenna C. Littlegeorge, by and through Attorney Brian T. Stevens, filed a timely appeal of the Trial Court’s final decision. See HCN R.App. P. 7(b)(1), 11(a), available at http:// www.ho-chunknation.com/7PageId=123. This Court issued a scheduling order on June 14, 2012, in which it accepted the appeal and established briefing deadlines. Id., Rule 12. The appellees, Ho-Chunk Nation Office of Tribal Enrollment and Enrollment Officer Rita Gardner,[1] by and through Ho-Chunk Nation Department of Justice (“DOJ”) Attorney Michelle M. Greendeer-Rave, submitted a response to the appellant’s notice of appeal on June 22, 2012.[2] The appellee, Ho-Chunk Nation Committee on Tribal Enrollment, by and through Attorney Wendi A. Huling, similarly submitted a response on June 25, 2012.[3] The appellant filed her brief in support of appeal on July 2, 2012, and the Court subsequently scheduled oral argument within a July 9, 2012 order. Id., Rule 15(a).
The legislative appellees, by and through Legislative Counsel Michael P. Murphy, filed a responsive brief on August 1, 2012,[4] The appellees sought a continuance of the scheduled oral argument on *435 August 7, 2012, which the Court denied the following day.[5] This ruling prompted an amended request filed by the appellees on August 16, 2012, resulting in a continuance granted on August 20, 2012. The Court convened oral argument on October 20, 2012, at 10:30 a.m. CDT. The Court later issued a decisional extension notice on December 19, 2012. Id., Rule 16(b-c).
FACTUAL BACKGROUND
On September 17, 2011, the Ho-Chunk Nation General Council voted to remove the appellant from the Membership Roll. Gen. Council Res. 09-17-11(5) (1092 in favor, 280 in opposition, 199 abstaining); see also HCN Const., art. II, § 5, available at http://www.ho-chunknation.com/7Page Id=294; 2011 Resolutions that Passed at General Council, Hogak Worak, Sept. 23, 2011, at 7, available at http://hoeakworak. eom//archives/. “Any person ... removed from the Membership Roll ... ha[s] the right to appeal to the Judiciary for a remedy in equity....” HCN Const., art. II, § 6. The Ho-Chunk Nation Legislature possesses the constitutional authority to define this appellate right within a membership code. Id., art. II, § 5. In this regard, “[t]he Member ... will have thirty (30) Days to petition the Trial Court following a vote by the General Council removing ... her as a Member.”[6] Tribal Enroll, ment & Membership Code, 2 HCC § 7.14(b), available at http://www.ho-chunknation. com/?PageId=959.
Consequently, the appellant had until Monday, October 17, 2011,[7] to file an initial pleading. The appellant, however, did not attempt to file her petition until October 18, 2011. Order (Granting Mot. to Dismiss), CV 11-82 (HCN Tr. Ct., Mar. 27, 2012) at 2 n. 1. The appellant faxed the initial pleading to the Trial Court, and Attorney Brian T. Stevens affixed his signature to the final page. Pet. at 9. Attorney Stevens’ HCN Bar licensure had lapsed, and he neglected to submit a request for a special appearance along with the petition. See HCN R. Civ. P. 16(B), available at http://www.ho-chunknation. com/?PageId=123. The Trial Court ultimately processed the initial pleading on October 24, 2011, once Attorney Stevens filed the necessary motion. The late filing nonetheless resulted in a dismissal of the petition. Order (Granting Mot. to Dismiss) at 13.
DECISION
This Court possesses the constitutional authority “to interpret and apply the ... laws of the Ho-Chunk Nation,” and may render binding “conclusions of law.” HCN Const., art. VII, §§ 4, 7(a). When reviewing questions of law, the Court employs a de novo standard of review, meaning that it examines a matter anew. Hope B. Smith v. Ho-Chunk Nation et al., SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 5 n. 3. The Court addresses a single dispositive *436 issue in the instant appeal: whether the appellant’s untimely filing barred consideration of her petition. The Court must determine the proper application of a statute of limitation to resolve this issue, which presents a purely legal question.
The Ho-Chunk Nation Legislature can unquestionably impose reasonable conditions upon the right to appeal a General Council membership removal determination. HCN Const., art. II, § 5. The Legislature has opted to erect a statute of limitation in connection with the constitutional right to appeal. A member subjected to removal may file an appeal within thirty (30) calendar days of the General Council action. 2 HCC § 7.14(b). This timeframe is not unreasonably prohibitive in comparison to other tribal periods of limitation. See generally Statute of Limitations & Commencement of Claims Act, 2 HCC § 14, available at http://www.ho-chunknation.com/?PageId=959,
Statutes of limitation “are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay.” Chase Sec. Carp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945).[8] The appellant may consider the application of a statutory bar as unfair, but the Trial Court rendered a wholly impartial ruling in this regard. The U.S. Supreme Court announced over a century ago that “[s]tatutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence.” [9] Wood v. Carpenter, 101 U.S. 135, 139, 25 L.Ed. 807 (1879). Any potential unfairness resulting from the application of the statute of limitation finds its genesis in the inaction of the appellant.
Quite simply, the appellant failed to file her petition prior to the expiration of the filing deadline, which constitutes a mandatory statutory bar.[10] See, e.g., Bowles v. Russell, 551 U.S. 205, 212-213, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). The Trial Court, therefore, correctly declined to consider the merits of her appeal. This Court upholds this inescapable conclusion.
AFFIRMED
EGI HESKEKJET.

. Ms. Gardner succeeded named appellant, Adam J. Hall, in the position of Enrollment Officer, which is the equivalent of a division director.

. The appellate rules do not expressly contemplate the filing of an answer to a Notice of Appeal prior to its acceptance or rejection by this Court. HCN R.App. P. 7(e). In contrast, an appellee may submit an oppositional answer within ten (10) days after the filing of a Petition for Permission to Appeal an interlocutory decision. Id., Rule 8.

- 0,1 1 V, 2°12' ⅛ appe0ant f0ed 3 t0 the aPPellee s P^emptory response brief.

- Attorney John S. Swimmer, former legal counsel of the Ho-Chunk Nation General *435 Council Agency, sought an extension of the briefing schedule on August 1, 2012, while conceding that he lacked authorization to act on behalf of the former client.

. The Court insisted upon the presentation of a motion, including supportive affidavits), that complied with standing judicial directive. See, e.g., Daniel Topping v. Georgette Martin et al., SU 11-05 (HCN S.Ct., Oct 27, 2011).

. The membership code specifically identifies calendar, and not business, days for purposes of construing time limitations. 2 HCC § 7.3n.

.For unknown reasons, the appellant calculated the appeal deadline as October 18, 2011, despite referencing the appropriate statutory section. Petitioner's Appeal of Gen. Council Action, Petitioner’s Compl., Waiver of Fees Req., & Pet. for Finding Malicious Action, CV 11-82 (Oct. 24, 2011) (hereinafter "Petition”) at 3.

. This Court references external case law as persuasive, not binding, authority, and in an attempt to demonstrate a consistent approach to basic legal principles. “[O]nly decisions by this [C]ourt are limitations on the Trial Court.” Jacob LoneTree et al. v. Robert Funmaker, Jr. et al., SU 00-16 (HCN S.Ct., Mar. 16, 2001) at 4.

. ‘‘Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system.” Bd. of Regents v. Tomanio, 446 U.S. 478, 487, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

. The Trial Court perceives a degree of inconsistency in this Court’s precedent regarding the appropriate consequence associated with a failure to adhere to briefing deadlines. Order (Granting Mot. to Dismiss) at 10-12 (citing Alvane King v. Majestic Pines Casino Food & Beverage Dep't et al., 11 Am. Tribal Law 395, 2011 WL 11745412 (HCN S.Ct. 2011); Nicholas J. Kedrowski v. Sharon Whitebear et al., SU 05-12 (HCN S.Ct., Feb. 13, 2006) (hereinafter Kedrowski, II)). The instant case does not involve this issue as it concerns a statute of limitation, so the Trial Court's focus upon these easily distinguishable cases is somewhat quizzical. Moreover, the Court issued the Kedrowski opinion after it earlier dismissed the appeal due to a failure to timely file a notice of appeal. Kedrowski, 6 Am. Tribal Law 170 (HCN S.Ct.2006). In this respect, the latter decision proved largely superfluous, addressing the appellant’s twofold "desire to reopen th[e] case and seek[] an extension of time to file the brief." Kedrowski II at 1. The Court only commented upon the latter request in dicta since it affirmed the dismissal decision. Id. at 2.